IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

JOSEPH A. COCHRAN, JR. :
: C.A. No.
:
v. :
:
J.B. HUNT TRANSPORT, INC. :
and JAMES W. REED :

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE:

Defendants, J.B. Hunt Transport, Inc. and James W. Reed, by and through their attorneys, Rawle and Henderson, LLP, respectfully aver as follows:

1. Plaintiff has commenced a civil action against defendants in the Superior Court of Delaware in and for New Castle County. The Amended Complaint, being the original process in this case, was first received by defendant, J.B. Hunt Transport, Inc., no earlier than October 30, 2006.

2. Accordingly, this Notice of Removal was timely filed within thirty (30) days of receipt of the information indicating that the jurisdictional amount may be satisfied pursuant to 28 U.S.C. §1446 (b).

3. In the Complaint, Plaintiff alleged that as a result of the motor vehicle accident at issue in this lawsuit, he sustained "personal injuries including, but not limited to his neck, lower back, right upper extremity and head injuries. Some or all of his injuries are permanent." Plaintiff also alleged that he has incurred past medical expenses and will incur future medical expenses. In addition, he alleged that he sustained lost earnings, lost employment and loss of earning capacity *See Exhibit A.*

4. Plaintiff has filed a Certificate of Value which states that his damages are in excess of $100,000. *See Exhibit B.*

5. Based upon a fair reading of the Amended Complaint and the Certificate of Value, plaintiff has set forth a claim in which an amount in excess of the jurisdictional limit of $75,000, exclusive of interest and costs, may be at stake.

6. Defendant, J.B. Hunt Transport, Inc., at all material times, was and is a corporation incorporated under the laws of the State of Georgia with its principal place of business located in Lowell, Arkansas.

7. Defendant, James W. Reed, at all material times, was and is a citizen of the State of Mississippi.

8. At all material times hereto, plaintiff is and was a citizen of Delaware, and he resides in New Castle, Delaware. *See Exhibit A - Plaintiff's Amended Complaint.*

9. Diversity of citizenship within the meaning of 28 U.S.C. §1332, exists between plaintiffs and defendants since:

    (a) plaintiff is a citizen and resident of the State of Delaware; and

    (b) defendants are not citizens or residents of the State of Delaware.

10. Furthermore, diversity of citizenship existed at the time the action sought to be removed was commenced and continues through the time of filing of this notice, such that defendants are entitled to removal pursuant to 28 U.S.C. §1441 as amended, and 28 U.S.C. §1446.

WHEREFORE, defendants, J.B. Hunt Transport, Inc. and James W. Reed, pray that the above-captioned action now pending in the Superior Court of Delaware in and for New Castle County, be removed there from to This Honorable Court.

RAWLE & HENDERSON LLP

By: _____
Delia A. Clark
Attorneys for Defendants,
J.B. Hunt Transport, Inc.
and James W. Reed
300 Delaware Avenue, Ste. 1015
Wilmington, DE 19801
(302) 778-1200

Dated: November 15, 2006.

# Exhibit A

EFiled: Sep 1 2006 2:42 EDT
Transaction ID 12254656

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| JOSEPH A. COCHRAN, JR., | ) |
| Plaintiff, | ) C.A. No.: 06C-08-106 MJB |
| v. | ) NON-ARBITRATION CASE |
| JAMES W. REED and J. B. HUNT TRANSPORT SERVICES, INC., | ) TRIAL BY JURY DEMANDED |
| Defendants. | ) |

## AMENDED COMPLAINT

1. Plaintiff, Joseph A. Cochran, Jr., is a resident of the State of Delaware, residing at 1483 Red Lion Road, Bear, DE 19701.

2. Defendant, James W. Reed, is a resident of the State of Mississippi residing at 1362 East Avenue, Vicksburg, MS 39180. Service of process may be made upon the Secretary of State of the State of Delaware, pursuant to 10 Del. C. § 3112.

3. Defendant, J. B. Hunt Transport Services, Inc., is a foreign corporation conducting business within the State of Delaware and is located at 615 J B Hunt Corporate Drive, Lowell, Arkansas. Its registered agent is J. Kirk Thompson, Highway 71 North, Lowell, AR 72745. Service of process may be made upon the Secretary of State of the State of Delaware, pursuant to 10 Del. C. § 3112.

4. On October 30, 2004, at approximately 4:33 p.m., plaintiff, Joseph A. Cochran, Jr., was traveling northbound in the far right lane of Route 9, near New Castle, Delaware. At the same time, defendant, James W. Reed, who was operating his tractor trailer on northbound Route 9 in the middle lane, suddenly and without warning, pulled his tractor trailer directly in front of plaintiff's vehicle, causing a collision.

5.  Defendant, James W. Reed, was operating a tractor trailer that was owned by J. B. Hunt Transport Services, Inc. James W. Reed was acting in the course and scope of his employment as an agent, servant and/or employee of J. B. Hunt Transport Services, Inc. J. B. Hunt Transport Services, Inc., is responsible for the acts of James W. Reed, pursuant to the *doctrine of respondeat superior.*

6.  The aforesaid collision resulted from the negligence of defendant, James W. Reed and such negligence is attributed to defendant, J. B. Hunt Transport Services, Inc.

7.  The aforesaid collision was proximately caused by the negligence of defendant, James W. Reed, who:

    (a)  Made an unsafe turn without warning in violation of 21 Del. C. § 4152 & 4155(a) and (b);

    (b)  Operated his vehicle in a careless or imprudent manner or without due regard for road and traffic conditions then existing in violation of 21 Del. C. § 4176(a);

    (c)  Failed to give full time and attention to the operation of his vehicle in violation of 21 Del. C. § 4176(b);

    (d)  Failed to keep a proper lookout; and

    (e)  Failed to keep his vehicle under proper control.

8.  The aforesaid collision was proximately caused by the negligence and/or gross negligence of the defendant, J. B. Hunt Transport Services, Inc., in that J. B. Hunt Transport Services, Inc.:

    (a)  Hired defendant, James W. Reed, when it knew or should have known that James W. Reed was unfit or incompetent to operate a commercial motor vehicle;

(b) Retained defendant, James W. Reed, when they knew or should have known that James W. Reed was unfit or incompetent to operate a commercial motor vehicle;

(c) Failed to adequately train defendant, James W. Reed, when they knew or should have known that James W. Reed was unfit or incompetent to operate a commercial motor vehicle; and

(d) Failed to adequately supervise, monitor and control defendant, James W. Reed, when they knew or should have known that James W. Reed was unfit or incompetent to operate a commercial vehicle.

9. As a direct and proximate result of the defendants, James W. Reed and J. B. Hunt Transport Services, Inc.'s, negligence and/or gross negligence, plaintiff, Joseph A. Cochran, Jr., suffered personal injuries including, but not limited to his neck, lower back, right upper extremity and head injuries. Some or all of his injuries are permanent.

10. As a direct and proximate consequence of his injuries, plaintiff, Joseph A. Cochran, Jr., has experienced substantial pain, suffering and discomfort, both physical and mental in nature.

16. As a direct and proximate consequence of his injuries, plaintiff, Joseph A. Cochran, Jr., has been required to undergo prolonged medical treatment and incurred medical bills, and will be required to undergo medical treatment and incur medical bills in the future.

17. As a direct and proximate consequence of his injuries, plaintiff, Joseph A. Cochran, Jr., has in the past sustained and will in the future continue to sustain the loss of earnings, loss of employment and/or diminution of earning capacity.

WHEREFORE, plaintiff, Joseph A. Cochran, Jr., demands judgment against all defendants, jointly, severally and individually, for the respective general, punitive, and special damages, including pain and suffering, the cost of this action, pre- and post-judgment interest, and any other award the Court deems just and proper.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Timothy E. Lengkeek (#4116)
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6605
Attorneys for Plaintiff

Dated: August 31, 2006

# Exhibit B

EFiled: Sep 1 2006 2:42P...EDT
Transaction ID 12254656

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| JOSEPH A. COCHRAN, JR., ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 06C-08-106 MJB |
| ) | |
| v. ) | NON-ARBITRATION CASE |
| ) | |
| JAMES W. REED and ) | |
| J. B. HUNT TRANSPORT ) | TRIAL BY JURY DEMANDED |
| SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

## AMENDED CERTIFICATE OF VALUE

I, Timothy E. Lengkeek, Esquire, attorney for Plaintiff, hereby certify in good faith at this time in my opinion that the Plaintiff's sum of damages is in excess of $100,000.00, exclusive of costs and interest.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Timothy E. Lengkeek (#4116)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6605
Attorneys for Plaintiff

Dated: August 31, 2006

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the within-captioned Notice of Removal Pursuant to 28 U.S.C. §1446(d) was served via first-class mail, postage prepaid, on counsel for plaintiff, Timothy E. Lengkeek, Young, CONAWAY, STARGATT & TAYLOR, 1000 West Street, 17th Floor, PO Box 391, Wilmington, DE 19899-0391.

RAWLE & HENDERSON LLP

_____
Delia A. Clark

Dated: November 15, 2006.

JS 44 Rev 3/99

# CIVIL COVER SHEET

The JS-120 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

## I. (a) PLAINTIFFS
Joseph Cochran

**(b)** County Of Residence Of First Listed Plaintiff  New Castle County
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorneys (Firm Name, Address, And Telephone Number)
Timothy E. Lengkeek
YOUNG, CONAWAY, STARGATT & TAYLOR
1000 West Street, 17th Floor
PO Box 391
Wilmington, DE 19899-0391.

## DEFENDANTS
James W. Reed and J.B Hunt Transport, Inc.

County Of Residence Of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)  Delia A. Clark
Rawle & Henderson, LLP
300 Delaware Avenue, Suite 1015
Wilmington, DE  19801

## II. BASIS OF JURISDICTION  (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
For diversity cases only   (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☒2 | Incorporated or Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- ☐110 Insurance
- ☐120 Marine
- ☐130 Miller Act
- ☐140 Negotiable Instrument
- ☐150 Recovery of Overpayment & Enforcement of Judgment
- ☐151 Medicare Act
- ☐152 Recovery of Defaulted Student Loans (Excl Veterans)
- ☐153 Recovery of Overpayment of Veteran's Benefits
- ☐160 Stockholder's Suits
- ☐190 Other Contract
- ☐195 Contract Product Liability

**REAL PROPERTY**
- ☐210 Land Condemnation
- ☐220 Foreclosure
- ☐230 Rent Lease & Ejectment
- ☐240 Torts to Land
- ☐245 Tort Product Liability
- ☐290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐310 Airplane
- ☐315 Airplane Product Liability
- ☐320 Assault, Libel & Slander
- ☐330 Federal Employers' Liability
- ☐340 Marine
- ☐345 Marine Product Liability
- ☒350 Motor Vehicle
- ☐355 Motor Vehicle Product Liability
- ☐360 Other Personal Injury

PERSONAL INJURY
- ☐362 Personal Injury-- Med Malpractice
- ☐365 Personal Injury-- Product Liability
- ☐368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐370 Other Fraud
- ☐371 Truth in Lending
- ☐380 Other Personal Property Damage
- ☐385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐441 Voting
- ☐442 Employment
- ☐443 Housing/ Accommodations
- ☐444 Welfare
- ☐440 Other Civil Rights

**PRISONER PETITIONS**
- ☐510 Motions to Vacate Sentence
HABEAS CORPUS:
- ☐530 General
- ☐535 Death Penalty
- ☐540 Mandamus & Other
- ☐550 Civil Rights
- ☐555 Prison Condition

**FORFEITURE/PENALTY**
- ☐610 Agriculture
- ☐620 Other Food & Drug
- ☐625 Drug Related Seizure of Property 21, USC
- ☐630 Liquor Laws
- ☐640 R.R. & Truck
- ☐650 Airline Regs
- ☐660 Occupational Safety/Health
- ☐690 Other

**LABOR**
- ☐710 Fair Labor Standards Act
- ☐720 Labor/Mgmt. Relations
- ☐730 Labor/Mgmt. Reporting & Disclosure Act
- ☐740 Railway Labor Act
- ☐790 Other Labor Litigation
- ☐791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐422 Appeal 28 USC 158
- ☐423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐820 Copyrights
- ☐830 Patent
- ☐840 Trademark

**SOCIAL SECURITY**
- ☐861 HIA (1395FF)
- ☐862 Black Lung (923)
- ☐863 DIWC/ DIWW(405(g))
- ☐864 SSID Title XVI
- ☐865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐870 Taxes
- ☐871 IRS – Third Party 20 USC 7609

**OTHER STATUTES**
- ☐400 State Reapportionment
- ☐410 Antitrust
- ☐430 Banks and Banking
- ☐450 Commerce/ICC Rates/etc.
- ☐460 Deportation
- ☐470 Racketeer Influenced and Corrupt Organizations
- ☐810 Selective Service
- ☐850 Securities/Commodities/ Exchange
- ☐875 Customer Challenge 12 USC 3410
- ☐891 Agricultural Acts
- ☐892 Economic Stabilization Act
- ☐893 Environmental Matters
- ☐894 Energy Allocation Act
- ☐895 Freedom of Information Act
- ☐900 Appeal of Fee Determination Under Equal Access to Justice
- ☐950 Constitutionality of State Statutes
- ☐890 Other Statutory Actions

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite The U.S. Civil Statute Under Which You Are Filing And Write A Brief Statement Of Cause)
Do Not Cite Jurisdictional Statutes Unless Diversity.)  Diversity of Citzenship pursuant to 28 U.S.C §1332

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY    (See instructions)
DOCKET NUMBER

DATE: November 15, 2006    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT $ _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____06 - 697___

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___2___ COPIES OF AO FORM 85.

___11/16/06___  
(Date forms issued)

___Bryan Farmer___ (signature)  
(Signature of Party or their Representative)

___Bryon Farmer___  
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action