IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOSEPH A. COCHRAN, JR. :
: C.A. No. 1:06 cv 00697
:
v. :
J.B. HUNT TRANSPORT, INC. :
and JAMES W. REED :

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, J. B. Hunt Transport, Inc. and James W. Reed, by and through their counsel, Rawle & Henderson, LLP, hereby submit this Answer to plaintiff's Amended Complaint and aver as follows:

1. Denied. Defendants are without sufficient information or knowledge to affirm the truth of the averments contained in paragraph 1 of the Complaint. Therefore, said averments are denied.

2. Admitted in part; denied in part. It is admitted only that defendant, James W. Reed, is a resident of the State of Mississippi. The remaining allegations contained in paragraph 2 of the Complaint are conclusions of law to which no response is required.

3. Admitted in part; denied in part. The allegations contained in paragraph 3 of the Complaint are conclusions of law to which no response is required. To the extent that a response is required, defendants admit only that J.B. Hunt Transport, Inc.'s principal office is located in Lowell, Arkansas and that J. Kirk Thompson is the registered agent for J.B. Hunt Transport, Inc. in Arkansas.

4. Admitted in part; denied in part. It is admitted only that on October 30, 2004, defendant, James W. Reed, and plaintiff, Joseph Cochran, were traveling northbound on Route 9

1300701 v.1

in New Castle, Delaware. The remaining allegations of paragraph 4 of the Complaint are denied, and strict proof of same is demanded at trial.

5. Admitted in part; denied in part. The allegations contained in paragraph 5 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, defendants admit only that James Reed was driving a tractor owned by J.B. Hunt Transport, Inc., and at all material times, Mr. Reed was acting in the furtherance of the business of J.B. Hunt Transport, Inc. All other allegations contained in paragraph 5 of the Complaint are denied.

6. Denied. The allegations contained in paragraph 6 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, defendants specifically deny any negligence and demand strict proof thereof at trial.

7. (a-e) Denied. The allegations contained in paragraph 7 of the Complaint, and its subparts (a)-(e), are conclusions of law to which no response is required. To the extent a response is required, defendants specifically deny any negligence and demand strict proof thereof at trial.

8. (a-d) Denied. The allegations contained in paragraph 8 of the Complaint, and its subparts (a)-(d), are conclusions of law to which no response is required. To the extent a response is required, defendants specifically deny any negligence or gross negligence and demand strict proof thereof at trial.

9. Denied. The allegations contained in paragraph 9 of the Complaint are conclusions of law to which no response is required. By way of further answer, defendants are without information of knowledge sufficient to affirm the truth of the averments contained in

paragraph 9 of the Complaint. Defendants specifically deny any negligence or gross negligence and demand strict proof thereof at trial.

10. Denied. The allegations contained in paragraph 10 of the Complaint are conclusions of law to which no response is required. By way of further answer, defendants are without information of knowledge sufficient to affirm the truth of the averments contained in paragraph 10 of the Complaint. Defendants specifically deny any negligence and demand strict proof thereof at trial.

16.[sic] Denied. The allegations contained in paragraph 16 [sic] of the Complaint are conclusions of law to which no response is required. By way of further answer, defendants are without information of knowledge sufficient to affirm the truth of the averments contained in paragraph 16 [sic] of the Complaint. Defendants specifically deny any negligence and demand strict proof thereof at trial.

17. [sic] Denied. The allegations contained in paragraph 17 [sic] of the Complaint are conclusions of law to which no response is required. By way of further answer, defendants are without information of knowledge sufficient to affirm the truth of the averments contained in paragraph 17 [sic] of the Complaint. Defendants specifically deny any negligence and demand strict proof thereof at trial.

WHEREFORE, defendants, J. B. Hunt Transport, Inc., and James W. Reed, demand judgment in their favor and against the plaintiff, dismissing plaintiff's Complaint with prejudice together with an award of costs and disbursements incurred by defendants, including attorneys' fees together with such other relief in favor of defendants as this Honorable Court shall deem appropriate.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendants did not breach any duty owed to plaintiff.

### THIRD DEFENSE

Defendants aver that plaintiff was guilty of contributory negligence.

### FOURTH DEFENSE

The injuries or damages alleged by plaintiff, if any, were not actually or proximately caused by an act or omission on the part of the defendants.

### FIFTH DEFENSE

Plaintiff's claims are barred or reduced in accordance with the comparative negligence act.

### SIXTH DEFENSE

Plaintiff's injuries and damages, if any, were caused in whole or in part by the intervening and superseding acts of third parties over which defendants had no control.

### SEVENTH DEFENSE

Defendants, at all relevant times, acted with due care and complied with all requirements of applicable law.

### EIGHTH DEFENSE

Plaintiff assumed the risk of conduct for the incident out of which the Complaint has arisen.

## NINTH DEFENSE

Plaintiff's claims are barred by the doctrines of *res judicata* and collateral estoppel.

## TENTH DEFENSE

Plaintiff has failed to mitigate his damages, if any.

## ELEVENTH DEFENSE

Answering defendants are entitled to a credit/set off for any expenses paid by insurance or other third parties who are claimed as damages by the plaintiff.

## TWELFTH DEFENSE

Defendants were confronted with a sudden emergency and exercised all reasonable care under the circumstances.

## THIRTEENTH DEFENSE

Defendants are entitled to a credit/set off for any expenses paid by insurance or other third parties which are claimed as damages by the plaintiffs.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred under the Doctrine of Avoidable Consequences.

## FIFTEENTH DEFENSE

This court lacks jurisdiction over defendants by reason of insufficiency of process and reserves the right to move at or before trial for a dismissal of the Complaint on the ground of lack of jurisdiction because of insufficiency of process and/or service.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by 49 U.S.C. §30106.

WHEREFORE, defendants, J. B. Hunt Transport, Inc., and James W. Reed, demand judgment in their favor and against the plaintiff, dismissing plaintiffs' Complaint with prejudice together with an award of costs and disbursements incurred by defendants, including attorneys' fees together with such other relief in favor of defendants as this Honorable Court shall deem appropriate.

        RAWLE & HENDERSON LLP

        By: *[signature]*
        Delia A. Clark
        Attorneys for Defendants,
        J.B. Hunt Transport, Inc.
        and James W. Reed
        300 Delaware Avenue, Ste. 1015
        Wilmington, DE 19801
        (302) 778-1200

Dated: November 20, 2006.

## CERTIFICATE OF SERVICE

I hereby certify that on today's date I served a true and correct copy of the foregoing Answer of Defendants, J.B. Hunt Transport and James W. Reed to plaintiff's Complaint served electronically and by first-class mail, postage prepaid, upon all attorneys of record, addressed as follows:

Timothy E. Lengkeek<br>
Young, CONAWAY, STARGATT & TAYLOR<br>
1000 West Street, 17th Floor<br>
PO Box 391<br>
Wilmington, DE 19899-0391

RAWLE & HENDERSON LLP

By: _____
Delia A. Clark
Attorneys for Defendants,
J.B. Hunt Transport, Inc.
and James W. Reed
300 Delaware Avenue, Ste. 1015
Wilmington, DE 19801
(302) 778-1200

Dated: November 20, 2006.