IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH A. COCHRAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06-697 JJF |
| | ) | |
| v. | ) | NON-ARBITRATION CASE |
| | ) | |
| JAMES W. REED and | ) | |
| J. B. HUNT TRANSPORT, INC., | ) | TRIAL BY JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

AFFIDAVIT OF J.B. HUNT TRASNPORT'S NON-RESIDENCE
PURSUANT TO 10 DEL. C. § 3112

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) SS. |
| NEW CASTLE COUNTY | ) |

BE IT REMEMBERED, that on this 9th day of January, 2007, personally

appeared before me, a Notary Public for the State and County aforesaid, the deponent, Timothy

E. Lengkeek, who deposed and stated as follows:

1.	I am an attorney with the law firm of Young Conaway

Stargatt & Taylor, LLP, attorney for the plaintiffs in this action.

2.	On information and belief, the defendant, J.B. Hunt

Transport, Inc., is a non-resident of the State of Delaware, with a last known address: c/o its

registered agent, CSC of Gwinnett County, Inc., 40 Technology Parkway, S.300, Norcross, GA

30092.

3.	On December 29, 2006, I caused to be mailed by Registered

Mail an envelope to the defendant, addressed to J.B. Hunt Transport, Inc., c/o its Registered

Agent, CSC of Gwinnett County, Inc., 40 Technology Parkway, S.300, Norcross, GA  30092,

containing copies of an Amended Notice in the form attached hereto as Exhibit "A," and copies

of the Summons, Sheriff's Return, Complaint and other papers are attached hereto as Exhibit

"B."

       4.               On January 8, 2007, our office received from the United

States Postal Service the return receipt of the aforesaid envelope, showing delivery and

acceptance of the above envelope mailed to its address at  40 Technology Parkway, S. 300,

Norcross, GA  30092.  Said return receipt is attached hereto as Exhibit "C."

       5.               Attached hereto as Exhibit "D" is the Receipt for Registered

Mail which was obtained at the Post Office at the time of the mailing of the envelope referred to

above.


_____

Timothy E. Lengkeek


        SWORN TO AND SUBSCRIBED before me, a Notary Public, the day and year

aforesaid.

_____ (SEAL)

Notary Public

My Commission Expires:_____

DIANE M. ROWE
NOTARY PUBLIC
STATE OF DELAWARE
My commission expires Oct. 13, 2008

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOSEPH A. COCHRAN, JR.,　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　　)　　　C.A. No.: 06C-08-106 MJB
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　　NON-ARBITRATION CASE
　　　　　　　　　　　　　　　　　　　)
JAMES W. REED and　　　　　　　　)
J. B. HUNT TRANSPORT　　　　　　　)　　　TRIAL BY JURY DEMANDED
SERVICES, INC.,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.　　　　)

**NOTICE PURSUANT TO 10 DEL. C. § 3112**

TO:　　J. B. Hunt Transport, Inc.　　　　Mr. James W. Reed
　　　　c/o its Registered Agent　　　　　442 Ford Road
　　　　CSC of Gwinnett County, Inc.　　　Vicksburg, MS 39180
　　　　40 Technology Parkway, S. #300　　R A 906 772 77 5 US
　　　　Norcross, GA 30092
　　　　R A 906 772 76 7 US

PLEASE TAKE NOTICE that there has been served upon the Secretary of the

State of Delaware the original Summons, Second Amended Complaint, Plaintiff's Answers to

Form 30 Interrogatories and Affidavit of Counsel Pursuant to Rule 3(a)(1)(ii) and (iii), copies of

which are attached hereto, in which you are named as a defendant in the action brought by

Joseph A. Cochran, Jr. Said Summons, Second Amended Complaint, Plaintiff's Answers to

Form 30 Interrogatories and Affidavit of Counsel Pursuant to Rule 3(a)(1)(ii) and (iii) were

served upon the Secretary of State of the State of Delaware on December 22, 2006. Under the

provisions of 10 Del. C. § 3112, service of the original Summons, Second Amended Complaint,

Plaintiff's Answers to Form 30 Interrogatories and Affidavit of Counsel Pursuant to Rule

3(a)(1)(ii) and (iii) upon the Secretary of State as aforesaid is as effectual to all intents and

purposes as if it had been made upon you personally within the State of Delaware.

Failure on your part to obey the command of the within writ could result in a default judgment taken against you. It is suggested that you contact your insurance company immediately in connection with this matter.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Timothy E. Lengkeek (No. 4116)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6605
Facsimile: (302) 576-3308
Attorneys for Plaintiffs

Dated: December 29, 2006

065467.1001

EXHIBIT B

IN THE UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH A. COCHRAN, JR. | ) |
| | ) |
|     Plaintiff, | ) C. A. No. 06-697 JJF |
| | ) |
| v. | ) |
| | ) |
| JAMES W. REED and | ) |
| J.B. HUNT TRANSPORT, INC. | ) |
| | ) |
|     Defendants. | ) |

SUMMONS

TO:    J.B. Hunt Transport, Inc.
        c/o its Registered Agent
        CSC of Gwinnett County, Inc.
        40 Technology Parkway, S #300
        Norcross, GA 30092

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFFS' ATTORNEYS, Timothy E. Lengkeek, Esquire, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 an answer to the complaint which is herewith served upon you, within **twenty (20)** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

DEC 2 1 2006

PETER T. DALLEO
CLERK

                               DATE

BY DEPUTY CLERK

065420.1001

• AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me(1) | 12/22/06 |

| NAME OF SERVER (PPJNT) | TITLE |
|---|---|
| GRANVILLE MORRIS | SPECIAL PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☒ Other (specify):  SERVED: J.B. HUNT TRANSPORTATION, INC C/O THE DELAWARE SECRETARY OF STATE DOVER, DE COPIES THEREOF WERE ACCEPTED BY KAREN CHARBANNEAU

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  12/22/06
              _____
              Date

*Signature of Server*
BRANDYWINE PROCESS SERVERS, LTD.
P.O. BOX 1360
WILMINGTON, DE 19899-1360
302- 475-2600

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

EFiled: Oct 20 2006 3:48PM EDT
Transaction ID 12690214

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

JOSEPH A. COCHRAN, JR.,                  )
                                         )
            Plaintiff,                   )      C.A. No.: 06C-08-106 MJB
                                         )
                                         )      NON-ARBITRATION CASE
v.                                       )
                                         )
JAMES W. REED and                        )
J. B. HUNT TRANSPORT, INC.               )      TRIAL BY JURY DEMANDED
a foreign corporation,                   )
                                         )
            Defendants.                  )

### SECOND AMENDED COMPLAINT

1.    Plaintiff, Joseph A. Cochran, Jr., is a resident of the State of Delaware, residing at 1483 Red Lion Road, Bear, DE 19701.

2.    Defendant, James W. Reed, is a resident of the State of Mississippi, residing at 442 Ford Road, Vicksburg, MS 39180. Service of process may be made upon the Secretary of State of the State of Delaware, pursuant to 10 Del. C. § 3112.

3.    Defendant, J. B. Hunt Transport, Inc., is a foreign corporation conducting business within the State of Delaware and is located at 615 J B Hunt Corporate Drive, P.O. Box 130, Lowell, Arkansas 72745-0130. Its registered agent is CSC of Gwinnett County, Inc., 40 Technology Parkway, S. #300, Norcross, GA 30092. Service of process may be made upon the Secretary of State of the State of Delaware, pursuant to 10 Del. C. § 3112.

4.    On October 30, 2004, at approximately 4:33 p.m., plaintiff, Joseph A. Cochran, Jr., was traveling northbound in the far right lane of Route 9, near New Castle, Delaware. At the same time, defendant, James W. Reed, who was operating his tractor trailer on northbound Route 9 in the middle lane, suddenly and without warning, pulled his tractor trailer directly in front of plaintiff's vehicle, causing a collision.

1

065467.1001

5.   Defendant, James W. Reed, was operating a tractor trailer that was owned by J. B. Hunt Transport , Inc.  James W. Reed was acting in the course and scope of his employment as an agent, servant and/or employee of J. B. Hunt Transport, Inc.  J. B. Hunt Transport, Inc., is responsible for the acts of James W. Reed, pursuant to the *doctrine of respondeat superior*.

6.   The aforesaid collision resulted from the negligence of defendant, James W. Reed and such negligence is attributed to defendant, J. B. Hunt Transport, Inc.

7.   The aforesaid collision was proximately caused by the negligence of defendant, James W. Reed , who:

(a)   Made an unsafe turn without warning in violation of 21 Del. C. § 4152 & 4155(a) and (b);

(b)   Operated his vehicle in a careless or imprudent manner or without due regard for road and traffic conditions then existing in violation of 21 Del. C. § 4176(a);

(c)   Failed to give full time and attention to the operation of his vehicle in violation of 21 Del. C. § 4176(b);

(d)   Failed to keep a proper lookout; and

(e)   Failed to keep his vehicle under proper control.

8.   The aforesaid collision was proximately caused by the negligence and/or gross negligence of the defendant, J. B. Hunt Transport, Inc., in that J. B. Hunt Transport, Inc.:

(a)   Hired defendant, James W. Reed, when it knew or should have known that James W. Reed was unfit or incompetent to operate a commercial motor vehicle;

2

065467.1001

(b)    Retained defendant, James W. Reed, when they knew or should have known that James W. Reed was unfit or incompetent to operate a commercial motor vehicle;

(c)    Failed to adequately train defendant, James W. Reed, when they knew or should have known that James W. Reed was unfit or incompetent to operate a commercial motor vehicle; and

(d)    Failed to adequately supervise, monitor and control defendant, James W. Reed, when they knew or should have known that James W. Reed was unfit or incompetent to operate a commercial vehicle.

9.    As a direct and proximate result of the defendants, James W. Reed and J. B. Hunt Transport, Inc.'s, negligence and/or gross negligence, plaintiff, Joseph A. Cochran, Jr., suffered personal injuries including, but not limited to his neck, lower back, right upper extremity and head injuries.  Some or all of his injuries are permanent.

10.    As a direct and proximate consequence of his injuries, plaintiff, Joseph A. Cochran, Jr., has experienced substantial pain, suffering and discomfort, both physical and mental in nature.

16.    As a direct and proximate consequence of his injuries, plaintiff, Joseph A. Cochran, Jr., has been required to undergo prolonged medical treatment and incurred medical bills, and will be required to undergo medical treatment and incur medical bills in the future.

17.    As a direct and proximate consequence of his injuries, plaintiff, Joseph A. Cochran, Jr., has in the past sustained and will in the future continue to sustain the loss of earnings, loss of employment and/or diminution of earning capacity.

3

065467.1001

WHEREFORE, plaintiff, Joseph A. Cochran, Jr., demands judgment against all defendants, jointly, severally and individually, for the respective general, punitive, and special damages, including pain and suffering, the cost of this action, pre- and post-judgment interest, and any other award the Court deems just and proper.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Timothy E. Lengkeek (#4116)
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6605
Attorneys for Plaintiff

Dated: October 19, 2006

4

EFiled: Oct 20 2006 3:48PM EDT
Transaction ID 12690214

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

JOSEPH A. COCHRAN, JR.,                 )
                                        )
                    Plaintiff,          )        C.A. No.: 06C-08-106 MJB
                                        )
                                        )        NON-ARBITRATION CASE
v.                                      )
                                        )
JAMES W. REED and                       )        TRIAL BY JURY DEMANDED
J. B. HUNT TRANSPORT, INC.              )
                                        )
                    Defendants.         )

## PLAINTIFF'S SECOND AMENDED ANSWERS TO FORM 30 INTERROGATORIES

1.      Give the name and present or last known residential and employment address and telephone number of each eyewitness to the incident which is the subject of the litigation.

ANSWER:

The parties.

2.      Give the name and present or last known residential and employment address and telephone number of each person who has knowledge of the facts relating to the litigation.

ANSWER:

In addition to the parties:

CPL. Brescin
Delaware State Police, Troop 2

Plaintiff's family members, friends, co-workers and employers

Plaintiff's health care providers

Agents, servants and employees of the defendants, the identities of whom are available to defendant

Plaintiff's counsel

065467.1001

3.    Give the names of all persons who have been interviewed in connection with the above litigation, including the names and present or last known residential and employment addresses and telephone numbers of the persons who made said interviews and the names and present or last known residential and employment addresses and telephone numbers of persons who have the original and copies of the interview.

ANSWER:

Insofar as this interrogatory calls for identification of experts who may not be called to testify at trial, it is objected to as calling for information beyond the scope of Rule 26. Subject to and without waiving the foregoing objection, see the Police Accident Report.

4.    Identify all photographs, diagrams or other representations made in connection with the matter in litigation, giving the name and present or last known residential and employment address and telephone number of the person having the original and copies thereof. (In lieu thereof, a copy can be attached.)

ANSWER:

See Police Accident Report.

5.    Give the name, professional address and telephone number of all expert witnesses presently retained by the party together with the dates of any written opinions prepared by said expert.  If an expert is not presently retained, describe by type the experts whom the party expects to retain in connection with the litigation.

ANSWER:

Insofar as this interrogatory calls for identification of experts who may not be called to testify at trial, it is objected to as calling for information beyond the scope of Rule 26. However, without waiving this objection, counsel for Plaintiff anticipates retaining medical and liability experts and Plaintiff's treating physicians.

6.    Give a brief description of any insurance policy, including excess coverage, that is or may be applicable to the litigation, including:

(a)    The name and address of all companies insuring the risk;

065467.1001

DB02:5493490.1

(b)    The policy number(s);

(c)    The type of insurance;
(d)    The amounts of primary, secondary and excess coverage.

ANSWER:

Unknown

7.    Give the name, professional address, and telephone number of all physicians, chiropractors, psychologists, and physical therapists who have examined or treated you at any time during the ten-year period immediately prior to the date of the incident at issue in this litigation.

ANSWER:

The Back Clinic, Inc.
5550 Kirkwood Highway
Wilmington, DE  19808
(302) 995-2100

Robert D. Winter, M.D.
817 Churchman's Center
New Castle, DE  19720
(302) 322-9240

Tony R. Cucuzella, M.D.
J. Rush Fisher, M.D.
Christiana Spine Care
473J Ogletown-Stanton Road
Newark, DE  19713
(302) 623-4144

Orthopaedic & Sports Physiotherapy, P.A.
617 W. Newport Pike
Wilmington, DE  19804
(302) 683-0782

Manual Orthopaedic Physiotherapy
2323 Pennsylvania Avenue, 2nd Floor
Wilmington, DE  19806

065467.1001

DB02:5493490.1

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Timothy E. Lengkeek (No. 4116)
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
(302) 571-6605
Attorneys for Plaintiff

Dated: October 19, 2006

065467.1001

DB02:5493490.1

EFiled: Oct 20 2006 3:48
Transaction ID 12690214

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

JOSEPH A. COCHRAN, JR.,                    )
                                           )
                    Plaintiff,             )    C.A. No.:
                                           )
                                           )    NON-ARBITRATION CASE
v.                                         )
                                           )
JAMES W. REED and                          )
J. B. HUNT TRANSPORT, INC.                 )    TRIAL BY JURY DEMANDED
                                           )
                    Defendants.            )

SECOND AMENDED AFFIDAVIT OF COUNSEL PURSUANT
TO RULE 3(h) (II) and (III)

DELAWARE JUDICIARY
2006 OCT 30 P 8: 17
RECEIVED

STATE OF DELAWARE    )
                     ) SS:
NEW CASTLE COUNTY    )

Timothy E. Lengkeek, being duly sworn, this 20th day of November, 2006,

does depose and say:

    1.    He is the attorney for the Plaintiff in the above-referenced action.

    2.    This action involves a claim for which Plaintiff seeks damages for

personal injuries which resulted in past and future pain, suffering and discomfort, both

mental and physical in nature. To the extent they exist and are available to Plaintiff and

his attorney, photocopies of the injured Plaintiff's medical records and expenses will be

provided to the Defendants when their attorney enters an appearance in this action.

    3.    To the extent that they exist and are available to Plaintiff's

attorney, photocopies of the injured Plaintiff's tax returns for the past three (3) years will

be provided to the Defendants when their appearance is entered in this action.

                                    Timothy E. Lengkeek (#4116)

065467.1001

DB02:5567222.1

SWORN TO AND SUBSCRIBED before me the day and year above written.

Notary Public *Karen C. Kochanski*

KAREN C. KOCHANSKI
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Aug. 19, 2008

065467.1001

DB02:5567222.1

EFiled: Oct 20 2006 3:48 PM
Transaction ID 12690214

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| JOSEPH A. COCHRAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06C-08-106 MJB |
| | ) | |
| | ) | NON-ARBITRATION CASE |
| v. | ) | |
| | ) | |
| JAMES W. REED and | ) | TRIAL BY JURY DEMANDED |
| J. B. HUNT TRANSPORT, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND AMENDED CERTIFICATE OF VALUE

I, Timothy E. Lengkeek, Esquire, attorney for Plaintiff, hereby certify in good

faith at this time in my opinion that the Plaintiff's sum of damages is in excess of $100,000.00,

exclusive of costs and interest.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Timothy E. Lengkeek (#4116)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6605
Attorneys for Plaintiff

Dated: October 19, 2006

065467.1001

DB02:5567211.1

EFiled: Oct 20 2006 3:48PM EDT
Transaction ID 12690214

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

JOSEPH A. COCHRAN, JR.,                  )
                                         )
                Plaintiff,               )    C.A. No.: 06C-08-106 MJB
                                         )
                                         )    NON-ARBITRATION CASE
v.                                       )
                                         )
JAMES W. REED and                        )    TRIAL BY JURY DEMANDED
J. B. HUNT TRANSPORT, INC.,              )
                                         )
                Defendants.              )

## PLAINTIFF'S SECOND AMENDED FIRST SET OF INTERROGATORIES TO DEFENDANTS JAMES W. REED AND J. B. HUNT TRANSPORT, INC.[1]

Plaintiff, by and through his undersigned counsel, hereby requests that defendants answer under oath the following interrogatories:

1.    State the names and present or last known addresses of persons who have knowledge of the facts alleged in the pleadings. As to each person named, list after the name of the person his or her occupation, if known, and the number or numbers of the paragraph or paragraphs of the Complaint or answer containing the facts of which the person has knowledge.

        **ANSWER:**

2.    Give the name and address of each person who has been interviewed on your behalf. As to each person interviewed, state:

        (a)    The date of such interview;

        (b)    The name and last known address of each person who has a resume of such interview.

        **ANSWER:**

_____

[1]    These interrogatories are continuing Interrogatories, the Answers to which are to be kept current.

3.    Give the names and last known addresses of persons from whom statements have been procured in regard to the facts alleged in the pleadings.  As to each person named, state:

   (a)    The name and last known address of the person who took the statement;

   (b)    State when the statement was taken;

   (c)    The names and last known addresses of all persons presently having copies of the statements.

ANSWER:

4.    Give the names and last known addresses of all persons who were present at the scene of the accident when the accident occurred noting specifically those who were eyewitnesses.

ANSWER:

5.    Give the names and last known addresses of all persons who were present at the scene of the accident within ten minutes after it occurred.

ANSWER:

6.    With reference to any report, memorandum or resume prepared by you or anyone acting on your behalf but not necessarily limited to any investigator, insurance adjuster or other person pertaining to any of the facts alleged or referred to in the pleadings, give the date of each such matter in writing and as to each date given, state:

   (a)    The name and address of the person or persons who prepared such writing and the name, address and identity of the employer of such person or persons;

   (b)    Whether such writing was prepared by you or on your behalf;

   (c)    The number of pages of such writings;

900002.0001

(d)     A general description of such matter in writing (as, for instance, two-page typed summary of an interview between investigator Jones and witness Smith dated March 3, 1989, or, five-page report by investigator Smith concerning the results of his investigation of the facts of the accident, etc.);

(e)     Whether such writing was prepared under the supervision of or pursuant to the instructions of your attorney;

(f)     The names and addresses of persons who have copies of such matter in writing.

ANSWER:

7.     Has any sketch, diagram, plat, photograph or motion picture been made or taken in regard to any fact alleged in the pleadings. If so, as to each sketch, diagram, plat, photograph or motion picture made or taken in regard to any fact alleged in the pleadings, state:

(a)     Whether it is a sketch, diagram, plat, photograph or motion picture;

(b)     The name and last known address of the person who prepared the sketch, diagram or plat or who took the photograph or motion picture;

(c)     A general description of its subject;

(d)     The date it was prepared or taken;

(e)     Whether it was prepared or taken under the supervision or direction of the defendant's attorney;

(f)     The name and present or last known address of each person who has a copy of it.

ANSWER:

8.     State in narrative form how the subject accident occurred.

ANSWER:

3

900002.0001

9.    State the name and address of the owner of the vehicle which you were driving at the time of the accident upon which this suit is based.

ANSWER:

10.    State the exact location at which the accident occurred.

ANSWER:

11.    State the date and time of the accident.

ANSWER:

12.    State the point of origin, the destination and the purpose of your trip at the time of the accident.

ANSWER:

13.    Describe the street upon which the accident occurred in detail, including measurements, surface type material and general conditions.

ANSWER:

14.    Describe the weather conditions of the street at the time of the accident.

ANSWER:

15.    Describe the general weather conditions and visibility at the time of the accident.

ANSWER:

4

900002.0001

16.    State the exact position of your vehicle in reference to the street and curbs at the moment of the collision.

ANSWER:

17.    State the exact point of impact on your vehicle.

ANSWER:

18.    Was your front windshield completely clean at the time of the accident, and if not, describe its condition?

ANSWER:

19.    Were the auto windows completely clean at the time of the accident?

ANSWER:

20.    Did you take any evasive action to avoid the collision and if so, what action did you take?

ANSWER:

21.    Describe the path that your vehicle followed immediately after the point of impact.

ANSWER:

900002.0001

DB02:5420857.1

22.    Did you have any defective vision on the date of the collision and, if so, had you received a prescription for eye glasses prior to that date and were you wearing glasses at the time of the accident?

ANSWER:

23.    If you have a car radio, was it playing on the date of the accident at the time of the accident?

ANSWER:

24.    If you smoke, were you smoking at the time of the accident or were you preparing to light a cigar, cigarette or pipe immediately prior to the time of the accident?

ANSWER:

25.    Were you using a cellular phone prior to the time of the accident?

ANSWER:

26.    Were you eating or drinking anything prior to or at the time of the accident?

ANSWER:

27.    Did you have any objects on the front seat of your vehicle that in any way distracted your attention immediately prior to the impact and if so, describe the

6

900002.0001

circumstances surrounding such distraction, relating in detail any objects that may have been on the front seat of your car or in the front portion of your car at that time.

ANSWER:

28.    State whether the accident was reported to the police and, if so, which police department.

ANSWER:

29.    State whether or not any person was charged with a violation of any laws as a result of this accident, and if the answer is in the affirmative, state:

    (a)    The name and address of the person charged;

    (b)    The nature of the charge;

    (c)    The statute citation;

    (d)    The plea which was entered.

ANSWER:

30.    Do you claim that the plaintiff was comparatively negligent in any way, in a manner which proximately caused the accident?  If so, please specify with particularity how plaintiff was negligent.  If you claim that the plaintiff violated any state statute, designate the statute and state in what manner it was violated.

ANSWER:

31.    State whether you or your vehicle has been involved in any other collision prior to or subsequent to the accident upon which this suit is based.

7

900002.0001

DB02:5420857.1

ANSWER:

32.    When did you first receive a driver's license and from what state?

ANSWER:

33.    What state issued the driver's license that you held on the date of the subject accident?

ANSWER:

34.    Have you ever received a warning, summons or charge from any Law Enforcement Agency relative to your violation of any motor vehicle laws, and if so, state:

(a)    The date of such arrest, summons or warning;

(b)    The nature of the offense charged;

(c)    The Law Enforcement Agency bringing the charge;

(d)    The disposition of the charge;

(e)    The circumstances surrounding the incident subject to the charge.

ANSWER:

35.    Was your vehicle in proper working order when you got into it on the day of the accident to begin the trip on which this accident occurred?  If not, what was its condition?

ANSWER:

36.    Was any part of your vehicle not functioning properly on the date of the accident?

ANSWER:

8

900002.0001

37.    Describe in detail your course of travel leading to the scene of the accident in question, including any and all stops which you may have made en route, the reason for such stops and the duration of such stops.

ANSWER:

38.    State whether there were any passengers in your vehicle at the time of the accident, and their names and addresses and seating arrangement.

ANSWER:

39.    State whether you consumed any alcoholic beverages or medications whatsoever within eight (8) hours prior to the accident which is the subject of this litigation, the places where such alcoholic beverages or medications were obtained and the nature and amount thereof.

ANSWER:

40.    State whether or not you had any physical disability at the time of the accident, which is the subject of this action, and if so, state the specific nature thereof.

ANSWER:

41.    State your places of residence for the past ten years and give the dates of each residence in chronological order.

ANSWER:

900002.0001

DB02:5420857.1

42.    State the name and address of every expert retained or employed by you in anticipation of this litigation or preparation for trial, whether or not you expect to call him as a witness at trial, and, as to each, state:

   (a)    The dates of initial employment;

   (b)    The date or dates of any reports, letters or other writings prepared by such person, a brief description of such writings (as two-page letter, three-page report, etc.);

   (c)    Whether such expert also rendered any service in connection with any aspect of any subject matter involved in this litigation, other than in anticipation of this litigation or preparation for trial (as, for instance, giving medical attention required by the accident, designing machinery involved in the accident, etc.).

   **ANSWER:**

43.    With reference to any expert you expect to call to testify as a witness at the trial, state the name and address of such expert and, as to each expert named, state:

   (a)    The area of the expert's specialty;

   (b)    The subject matter on which the expert is expected to testify;

   (c)    The substance of the facts and opinions to which the expert is expected to testify;

   (d)    The summary of the grounds for each such opinion.

   **ANSWER:**

44.    State whether you had any liability insurance of any kind in effect on the date of the accident which is the subject of this litigation.

   **ANSWER:**

45.    If the answer to the previous Interrogatory is "yes", then state:

900002.0001

DB02:5420857.1

(a)    The name and address of the insurer;

(b)    The name and address of the agent who wrote such insurance;

(c)    The general title or designation of the policy (as, for instance, general liability automobile policy, general liability policy, etc.),

(d)    The name and business address of each person who has a copy of it.

ANSWER:

46.    If there is any insurance available through your employer, please state:

(a)    The name of the company;

(b)    The policy limits;

(c)    The number of the policy;

(d)    The person who has possession of the same.

ANSWER:

47.    With reference to the policy referred to in answer to Interrogatories No. 44, 45 and 46 above, please state the amount of coverage for:

(a)    General liability;

(b)    Medical expenses, if additional;

(c)    Punitive damages, if awarded.

ANSWER:

48.    Are there any policies of insurance applicable to the defendant other than those referred to in answers 44 to 46 above?

ANSWER:

11

900002.0001

DB02:5420857.1

49.    As to any accidents of any kind which involved the defendant prior to or subsequent to the accident which is the subject of this action, state the following:

(a)    The date of the accident;

(b)    The place of the accident;

(c)    A detailed description of how the accident happened;

(d)    Name, address and employers of all persons who were witnesses to this accident;

(e)    Names of all persons who were injured in the accident and a description of the injuries sustained and extent of medical treatment rendered;

(f)    If defendant or her representatives acquired the information contained in their responses to subparagraphs (a)-(e) from a third person, state the following:

(i)    Name, address and employer of the person who provided the information to defendant or his representatives;

(ii)  The date the information was provided;

(iii)  The name, address and employer of the person or persons who received the information;

(iv)    Whether the contents of such information are contained in or referred to in any writing and, if so, a description of the writing, its date, the name and address of its preparer and the names and addresses of all persons having the original or copies of this writing.

**ANSWER:**

50.    Has the defendant, his attorney, his insurance company, or anyone acting in her interest or on her behalf had any contact with the plaintiffs or anyone else concerning any aspect of this litigation including, but not limited to, interviews with plaintiffs or persons who

12                                    900002.0001

know plaintiffs, investigations of plaintiffs or the taking of photographs or motion pictures of plaintiffs?

ANSWER:

51.    If the answer to the preceding Interrogatory is in the affirmative, state separately as to each such contact the following:

(a)    The date and time of day that the con-tact with plaintiffs took place;

(b)    The purpose of the contact;

(c)    The name of the person who made contact with the plaintiffs and the name, address and telephone number of his employer and all other persons who were present when the contact with plaintiffs was made;

(d)    A detailed description of the place where the contact took place, including street address and location within a building, if applicable;

(e)    The name, address and telephone number of the person who authorized said person to make contact with the plaintiffs including;

(i)    The date on which said person was authorized to make contact with plaintiffs;

(ii)    The name and address of the employer of the person who hired said person to make said contact;

(f)    A detailed description of all writings which in any way relate to the hiring of said person for the  purpose of making contact with plaintiffs including specifically:

(i)    The date of the writing;

(ii)    A description of the writing (e.g., two-page letter, one-page report, one-page memorandum, etc.);

(iii)    The person who prepared the writing, including his address and telephone number;

13

(iv) The name, address and telephone number of all persons to whom the writing was sent or shown;

(v) The name, address and telephone number of all persons presently having the original or copies of said writing; and

(vi) A detailed description of the contents of said writing;

(g) As to the contact between said person and plaintiffs, state whether any writings exist which record, describe, or in any way relate to the contact between said person, or any of the defendant's agents who made contact with plaintiffs including:

(i) The date the writing was prepared;

(ii) The name and address of the preparer of the document or writing;

(iii) A description of the writing (e.g., two-page report, one-page memorandum, etc.);

(iv) A description of the contents of the writing;

(v) The name and address of each person to whom the writing was sent or reviewed;

(vi) The name and address of each person having the original or copies of said writings;

(h) As to the contact between said person, or any of defendant's representatives or agent, with the plaintiffs, state whether any photographs, slides, motion picture films, or tape recordings were taken or attempted and, if so, state specifically the following:

(i) Whether the contact involved the use of a motion picture film, slide, photograph or tape recording;

(ii) Whether the plaintiffs were advised that they were being filmed, photographed or tape recorded;

(iii) The date and time of day that the motion picture film, slide, photograph or tape recording was made;

14

900002.0001

(iv) A detailed description of what is contained in the motion picture film, slide, photograph or tape recording; and

(v)     The name and address of all person(s) having the original or copies of said item.

ANSWER:

52.     Unless otherwise covered in response to the preceding Interrogatory, state separately as to each photograph, motion picture film, slide, tape recording, report or writing which in any way relates to any contacts between the defendant (including defendant's representatives, defendant's attorney or any other person) and the plaintiffs at any time since the date of the accident which is the subject of this case, the following:

(a)     The date and time of day that the item (e.g., motion picture film, slide, photograph or writing) was prepared;

(b)     The name and address of the person who was responsible for preparing the item;

(c)     The name and address of the person who hired the individual who prepared the item;

(d)     The name and address of the person or persons who received the original or copies of the item;

(e)     A detailed description of the contents of each item;

(f)     The exact location where the contact to which the item refers took place.

ANSWER:

53.     Identify:

a.      the owner of the tractor driven on the day of the collision,

15

DB02:5420857.1

    b.    the lessee of the tractor driven on the day of the collision,

    c.    the owner of the trailer on the day of the collision,

    d.    the lessee of the trailer on the day of the collision,

    e.    the driver on the day of the collision.

**ANSWER:**

54.    Regarding the tractor, identify:

    a.    the model year;

    b.    the manufacturer and ID number;

    c.    the engine and transmission;

    d.    all defects

        i.    known before the collision,

        ii.    known after the collision.

**ANSWER:**

55.    Regarding the trailer, identify:

    a.    the model year;

    b.    the manufacturer and ID number;

    c.    all defects

        i.    known before the collision,

        ii.    known after the collision.

**ANSWER:**

56.    Was the parking at the time of the collision subject to:

16

900002.0001

a.  the Federal Motor Carrier Safety Regulations? If not, why not?

b.  any federal, state or local regulations? If not, why not?

ANSWER:


57.  Was the driver of the tractor subject to Federal Motor Carrier Regulations, federal, state or local laws or regulations for the three years before the date of the collision? If so, identify the law, regulations and dates.

ANSWER:


58.  Was the tractor subject to Federal Motor Carrier Regulations, federal, state or local laws or regulations for the three years before the date of the collision? If so, identify the law, regulations and dates.

ANSWER:


59.  Was the trailer subject to Federal Motor Carrier Regulations, federal, state or local laws or regulations for the three years before the date of the collision? If so, identify the law, regulations and dates.

ANSWER:


60.  Was an owner or lessee of the tractor subject to Federal Motor Carrier Regulations, federal, state or local laws or regulations for the three years before the date of the collision? If so, identify the law, regulations and dates.

ANSWER:

17

61.    Was an owner or lessee of the trailer subject to Federal Motor Carrier Regulations, federal, state or local laws or regulations for the three years before the date of the collision?  If so, identify the law, regulations and dates.

ANSWER:

62.    Is the truck driver still driving a truck?  If so, for whom?

ANSWER:

63.    Identify all criminal, Department of Transportation, and Public Utilities Commission charges and convictions for the truck driver.  Include the following:

      a.    the jurisdiction,

      b.    the case or action number,

      c.    the date of the alleged offense,

      d.    the offense charged,

      e.    the date of disposition or conviction,

      f.    the plea,

      g.    the final disposition.

ANSWER:

64.    Who owns the trailer?

ANSWER:

65.    Where is the trailer currently located?

ANSWER:

18

900002.0001

66.    Has the trailer been repaired?

ANSWER:


67.    Who paid for the repairs?

ANSWER:


68.    If the trailer has been repaired, who made the repairs?

ANSWER:


69.    If the trailer was repaired, where was it repaired?

ANSWER:


70.    If the trailer was repaired, state all repairs that were made.

ANSWER:


71.    Identify all criminal, Department of Transportation, and Public Utilities Commission charges and convictions for the trucking company.  Include the following:

        a.     the jurisdiction,

        b.     the case or action number,

        c.     the date of the alleged offense,

        d.     the offense charged,

        e.     the date of disposition or conviction,

        f.     the plea,

        g.     the final disposition.

ANSWER:

19

900002.0001

72.    Has the trucking company ever had a U.S. Department of Transportation Safety or Compliance Review?   If so, as of what date(s)? Identify the custodian of each by name and job title of the custodian (both when received and now). State what actions were taken in response thereto.

ANSWER:

73.    Has the trucking company ever had a private (non--governmental) safety review?  If so, as of what date(s)? Identify the custodian of each by name and job title of the custodian (both when received and now). State what actions were taken in response thereto.

ANSWER:

74.    Has trucking company ever been fined for violations of the Federal Motor Carrier Safety Regulations, state regulations, USDOT regulations or ICC regulations?  Identify the custodian of each by name and job title of the custodian (both when received and now). State what actions were taken in response thereto.

ANSWER:

75.    Identify all licensed trade marks used by the trucking company and the owner of the marks.

ANSWER:

76.    Explain the compensation system in effect for the driver on the day of the collision and for the period from the end of the month of the collision back six months.

ANSWER:

900002.0001

DB02:5420857.1

77.    Explain the trucking company/truck driver compensation system in effect on the day of the collision.

ANSWER:

78.    How and to whom were the revenue dollars disbursed for the shipment(s) as of the date of the collision. Produce all documents related thereto.

ANSWER:

79.    Identify each trucking company driver for the year before the date of the collision.

ANSWER:

80.    Identify all licenses ever held by any federal, state or local authority by the truck driver on the date of the collision.

ANSWER:

81.    Identify all licenses ever held by any federal, state or local authority by the trucking company on the date of the collision.

ANSWER:

82.    Has any trucking company employee or officer ever testified regarding before an agency, entity or court regarding driver rules, safety rules, hour of service rules, or transportation economics? If so, please identify each such person by name and title and provide the date and location of each testimony, and produce a copy of each record, if one is in your possession or control.

ANSWER:

21

900002.0001

83.    For the three years before the date of this collision, what was the trucking company policy with respect to compliance with state law enforcement inspection reports? Were written replies provided? Who was in charge of compliance with such activity?

ANSWER:

84.    Identify each business location from which trucking company corporate activity has been conducted for the past ten years.

ANSWER:

85.    On the date of the collision was any person, corporation or entity hired to act as an agent, servant or employee of trucking company regarding the tractor, trailer or truck driver?

ANSWER:

86.    On the date of the collision what was the lease status of the tractor in question?

ANSWER:

87.    On the date of the collision what was the lease status of the trailer in question?

ANSWER:

88.    On the date of the collision what was the agency status of the trucking company in question?

ANSWER:

22

900002.0001

89.    On the date of the collision, what was the work status of the truck driver?

ANSWER:

90.    Explain how trucking company complies with the Federal Motor Carrier Safety Regulations (FMCSR) regarding accident reporting.  Identify the person responsible for compliance.

ANSWER:

91.    Explain how trucking company complies with state safety and PUC regulations regarding accident reporting. Identify the person responsible for compliance.

ANSWER:

92.    Explain the basis of how the trucking company determines which accidents are preventable and which are chargeable? Identify the person(s) who decides. Where is the decision information recorded? Identify the person(s) to whom a decision is appealed? Where is the appeal information recorded?

ANSWER:

93.    Explain the trucking company safety program in effect for the past three years for the truck driver for interstate shipments hauled.

ANSWER:

94.    Explain the trucking company safety program in effect for the past three years for the truck driver for intrastate shipments hauled.

ANSWER:

900002.0001

DB02:5420857.1

95.   Reconstruct the work activity of the truck driver for the 14 days prior to the date of the collision to a period 14 days after the date of the collision.

ANSWER:

96.   Fully explain the trucking company driver log audit program in effect for the year of the collision. Identify the person(s) in charge of that function.

ANSWER:

97.   During the year of the collision, what assumptions did the trucking company make regarding driver average and maximum speeds when auditing driver logs?

ANSWER:

98.   Did the trucking company hire investigator(s) to investigate the collision? If so, identify the investigator(s) and produce each piece of evidence obtained and identify each witness noted. In addition, produce a copy of each report. In addition, produce a copy of each investigation file.

ANSWER:

99.   Identify the federal and state laws, rules and regulations that governed the activity of the truck driver on the day of the collision.

ANSWER:

100.   Identify the federal and state laws, rules and regulations that governed the activity of the trucking company on the day of the collision.

ANSWER:

24

900002.0001

101.    Identify each and every action by the trucking company to remove or place on "do not load status" any driver for the past three years. What is the trucking company policy in this regard? For each such action, indicate the reason why and provide a copy of the documentation.

ANSWER:

102.    Did the trucking company use road observation services (e.g. Markel) or obtain road observation reports (e.g. 1-800-HOW IS MY DRIVING) for the year of the collision?

ANSWER:

103.    Did the trucking company use trucking company regional safety supervisors for the past three years? If not, when were they suspended and why?

ANSWER:

104.    To which professional organizations does the trucking company belong? Identify each such organization. Does the trucking company participate in the Professional Truck Drivers Institute of American (PTDIA)?

ANSWER:

105.    How many miles did the defendant truck driver drive a commercial vehicle for the trucking company in the year of the collision?

ANSWER:

25

106.    Is the trucking company authorized to carry hazardous materials? Has the defendant truck driver ever carried hazardous materials?  Has the trucking company ever carried hazardous materials?

ANSWER:

107.    Identify who had the right to "not load" the truck driver on the date of the collision?

ANSWER:

108.    Identify who had the right to terminate the truck driver on the date of the collision?

ANSWER:

109.    Identify who had the right to terminate the agency on the date of the collision?

ANSWER:

110.    Identify each safety competition in which the trucking company entered for the past three years. Has the trucking company ever earned any safety awards? If so, identify and produce the documents.

ANSWER:

111.    Identify each safety competition in which the truck driver entered for the past three years. Has the truck driver ever earned any safety awards? If so, identify and produce the documents.

26

900002.0001

ANSWER:

112.    Quantify and qualify the degree and extent of customer satisfaction with the transportation services of the trucking company.  Identify the areas which were in need of improvement the year of the collision.

ANSWER:

113.    For the past three years, what has been the trucking company policy with respect to a driver charged with one highway preventable accident? With two? With three? Produce documents in support of the answers.

ANSWER:

114.    For the past three years, what has been the trucking company policy with respect to a driver charged with one highway preventable accident involving death? With two? With three? Produce documents in support of the answers.

ANSWER:

115.    For the past three years, what has been the trucking company policy with respect to a driver charged with one highway preventable accident violation of safety regulations? With two? With three? Produce documents in support of the answers.

ANSWER:

116.    Provide the following data for the trucking company for the year of the collision for each month:

   a.    total revenue miles.

   b.    estimated billings.

   c.    average revenue per load.

    d.    number of loads hauled.

    e.    capacity available.

    f.    volume.

    g.    efficiency.

    h.    customer satisfaction.

    i.    average number of drivers.

    j.    average number of tractors.

    k.    average number of trailers.

**ANSWER:**

117.    Provide the following data for the trucking company for the last three years for each year:

    a.    number of DOT reportable accidents.

    b.    number of DOT not reportable accidents (total minus DOT reportable).

    c.    accident rate per million miles (for each operating division and for the company).

    d.    average number of miles per driver.

    e.    average number of miles per tractor.

    f.    average number of miles per trailer.

    g.    driver retention rate.

    h.    number of personal injury claims.

    i.    number of death claims.

    j.    number of property damage claims.

    k.    loss pay-out for personal injury.

    l.    loss pay-out for death.

    m.    loss pay-out for property damage.

**ANSWER:**

28

118.   Produce a copy of the monthly driver safety statistics which the trucking company generated for the year of and the year before the year of the collision.

ANSWER:

119.   Identify each driver which the trucking company required to attend a training course for safety reasons for the past three years. State the reason why for each.

ANSWER:

120.   Identify each driver which the trucking company who was fired for safety reasons for the past three years. State the reason why for each.

ANSWER:

121.   Identify each driver which the trucking company which was not allowed to load for safety reasons for the past three years. State the reason why for each.

ANSWER:

122.   At what financial level of personal injury litigation risk or exposure does a third party (parent, insurance company) become specifically advised by the trucking company?

ANSWER:

123.   State the trucking company placarding policy.

ANSWER:

29

900002.0001

124.   Identify and explain the various types of lease arrangements that the
trucking company had with others in the year of the collision.

ANSWER:

YOUNG CONAWAY STARGATT & TAYLOR, L.L.P

*[signature]*

Timothy E. Lengkeek (# 4116)
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
(302) 571-6605
Attorneys for Plaintiff

Dated: October 19, 2006

30

SECOND AMENDED SUMMONS

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| JOSEPH A. COCHRAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06c-08-106 MJB |
| | ) | |
| | ) | NON-ARBITRATION CASE |
| v. | ) | |
| | ) | |
| JAMES W. REED and | ) | TRIAL BY JURY DEMANDED |
| J. B. HUNT TRANSPORT, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## THE STATE OF DELAWARE
## TO THE SHERIFF OF KENT COUNTY:

## YOU ARE COMMANDED:

To summon the defendant J.B. Hunt Transport, Inc., c/o its Registered Agent, CSC of Gwinnett County, Inc., 40 Technology Parkway, S. #300, Norcross, GA  30092, by serving the Secretary of State, Townsend Building, P.O. Box 898, Dover, Delaware 19903, pursuant to 10 Del. C. §3112, so that, within 20 days after service hereof upon defendant, exclusive of the day of service, defendant shall serve upon Timothy E. Lengkeek, plaintiff's attorney, whose address is Young, Conaway, Stargatt & Taylor, LLP, 17th Floor, The Brandywine Building, P.O. Box 391, Wilmington, Delaware, 19899-0391, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

To serve upon defendant a copy hereof and of the complaint (and of the affidavit of demand if any has been filed by plaintiff).

Dated: October 19, 2006

_____

_____
Per Deputy

## TO THE ABOVE NAMED DEFENDANTS:

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve upon plaintiffs' attorney named above an answer to the complaint and, if an affidavit of demand has been filed, an affidavit of defense, judgment by default will be rendered against you for the relief demanded in the complaint or in the affidavit of demand, if any.

Dated:

_____
Prothonotary

_____

Per Deputy

065467.1001

EFiled: Oct 20 2006 3:48P
Transaction ID 12690214

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

JOSEPH A. COCHRAN, JR.,           )
                                  )
            Plaintiff,            )      C.A. No.: 06C-08-106 MJB
                                  )
                                  )      NON-ARBITRATION CASE
v.                                )
                                  )
JAMES W. REED and                 )      TRIAL BY JURY DEMANDED
J. B. HUNT TRANSPORT, INC.,       )
                                  )
            Defendants.           )

SECOND AMENDED REQUEST FOR PRODUCTION DIRECTED TO
DEFENDANTS JAMES W. REED AND J. B. HUNT TRANSPORT, INC.

    1.    Copies of all photographs, sketches, diagrams, videotapes, or other drawings taken by or prepared by you or on your behalf or in your possession or available to you concerning any aspect of the litigation.

    RESPONSE:

    2.    Copies of all insurance policies, including excess coverage, that is or may be applicable to this litigation.

    RESPONSE:

    3.    Copies of all statements or summaries or interviews taken of any person with respect to any issue in the case including but not limited to plaintiff or her agents and defendant or defendant's agents.

    RESPONSE:

065467.1001

DB02:5493535.1

4.     Copies of all reports of investigation, findings of fact, observation of acts or circumstances or any other matter relating to any aspect of the litigation.

**RESPONSE:**

5.     Any reports by any person qualifying as an expert containing opinions and/or acts on which opinions are based concerning any aspect of the litigation.

**RESPONSE:**

6.     Any other document or thing in your possession or available to you, in addition to the items specified in previous requests or production.

**RESPONSE:**

7.     All documents or things referenced in answering plaintiff's interrogatories directed to defendant.

**RESPONSE:**

8.     All documents or objects upon which defendant intends to rely upon at trial.

**RESPONSE:**

9.     Produce a copy of the following:

     a.     the driver qualification files for the truck driver.

b. the driver personnel files for the truck driver.

c. the driver safety files for the truck driver.

d. the driver computer files for the truck driver.

e. the vehicle inspection reports for the tractor for 90 days before and after the date of this collision.

f. the vehicle inspection reports for the trailer for 90 days before and after the date of this collision.

g. all driver logs from the driver for 90 days prior to and after the day of the collision.

h. all dispatch records for the driver for 90 days prior to and after the day of the collision.

i. the driver compensation files for the truck driver on the date of the collision and for 90 days before and for 90 days after the date of the collision.

j. the truck driver current state driving and/or CDL (Commercial Driving License) driving record as of the date of the collision.

k. all shipping papers for all loads on board on the day of the collision, including, but not limited to: shipping request, bills of lading, inventory documents, claim forms, invoices, receipts, lumper or helper receipts.

l. a copy of each all driver receipts (fuel, toll, scale tickets, food, repair, helper) and all other receipts from the driver for the 90 days prior to the last day of the month of the collision.

m. the claim files for this collision.

n. all prior accident claim files for the truck driver.

o. a copy of all repair orders and invoices for the tractor for a period of two years before the collision to the present.

p. a copy of all repair orders or invoices for the trailer for a period of two years before the collision to the present.

065467.1001

DB02:5493535.1

RESPONSE:

10.     Produce a copy of all trucking company safety directives in effect on the date of the collision, regardless of the directive date.

RESPONSE:

11.     Produce for inspection the truck and trailer at the time of the collision.

RESPONSE:

12.     Produce all photos of the truck and trailer, including, but not limited to, any taken at the time of the collision and state the dates of the photos. Plaintiff's counsel will pay reasonable costs to make duplicate photos (not photocopies) of each photo and herein requests that this be done, if not already done.

RESPONSE:

13.     If the trucking company has ever had a U.S. Department of Transportation Safety or Compliance Review, produce a copy of each and identify the custodian of each by name and job title of the custodian (both when received and now). State what actions were taken in response thereto.

065467.1001

RESPONSE:

14.    If the trucking company has ever had a private (non--governmental) safety review, produce a copy of each and identify the custodian of each by name and job title of the custodian (both when received and now). State what actions were taken in response thereto.

RESPONSE:

15.    If the trucking company has ever been fined for violations of the Federal Motor Carrier Safety Regulations, state regulations, USDOT regulations or ICC regulations, produce all documentation and identify the custodian of each by name and job title of the custodian (both when received and now). State what actions were taken in response thereto.

RESPONSE:

16.    Produce the lease for the tractor driven on the day of the collision.

RESPONSE:

17.    Produce the lease for the trailer used on the day of the collision.

RESPONSE:

065467.1001

18.    Produce a copy of all documents obtained regarding this collision which were obtained following this collision as part of the trucking company investigation procedures.

**RESPONSE:**


19.    Produce a copy of all statements obtained regarding this collision which were obtained following this collision as part of the trucking company investigation procedures. Request is herein made to make "duplicate originals" of such documents and recordings at reasonable expense, billable to the plaintiff's counsel.

**RESPONSE:**


20.    Produce for inspection a complete copy of the agent's operating manual(s) in effect for the year of the collision.

**RESPONSE:**


21.    Produce a copy of the driver qualification files for all drivers involved in accidents for three years before the date of their accident. Did the trucking company change any of its systems as a result of any of the prior accident cases? If so, what.

**RESPONSE:**

22.    Produce a copy of each Daily Driver Log for the truck driver for the six month period prior to the last day of the month of the collision. Produce a current six month set.

RESPONSE:

23.    Produce a copy of each Mile and Fuel by State monthly report for trucking company vehicles for the six month period prior to the last day of the month of the collision.

RESPONSE:

24.    Produce a copy of each commission statement report for (1) the truck and (2) the trailer and (3) the driver for the year period prior to the last day of the month of the collision.

RESPONSE:

25.    Produce a copy of all periodic (i.e. monthly) financial statements showing reconciliation of commissions, fees, costs and expenses for the year period prior to the last day of the month of the collision.  Explain all codes between the principal and the agency and between the agency and the driver.

RESPONSE:

065467.1001

26.   As to each accident which occurred up to three years before this collision involving any tractor operating under or painted with the trucking company ICC number, for which a claim was made for property or personal injury:

      a.   produce each trucking company accident investigation file,

      b.   produce each trucking company casualty claim file,

      c.   produce each driver safety file,

      d.   produce each driver qualification file.

**RESPONSE:**

27.   Regarding all claims against the trucking company for injuries, damages or losses for three years before the date of this collision, produce the loss payout data on an annual basis by operating division and by accident type (property, personal or bodily injury).

**RESPONSE:**

28.   Produce all trucking company accident statistics for a period three years before the collision to the present.

**RESPONSE:**

29.   Produce all industry accident statistics in your possession or under your control for a period three years before the collision to the present.

065467.1001

DB02:5493535.1

RESPONSE:

30.     Produce the trucking company annual financial statements (i.e. Balance Sheet, Profit and Loss Statement) for the past three years.

RESPONSE:

31.     Produce each of the trucking company annual safety and accident reports (i.e. accidents per million miles overall and by operating division and claim activity reports) for the past three years.

RESPONSE:

32.     Produce a copy of each trucking company safety report for the past ten years.

RESPONSE:

33.     Produce all expense and indemnity reserve data regarding this collision.

RESPONSE:

065467.1001

34.     Produce a copy of all DOT Form 5OTs for the year of the collision. Identify who decides which accidents are reported to DOT?   Does the trucking company comply with the DOT rule?

**RESPONSE:**

35.     Produce a copy of all state accident forms for the year of the collision.  Identify who decides which accidents are reported to the state? Does the trucking company comply with the DOT rule?

**RESPONSE:**

36.     Produce a copy of all internal accident forms for the year of the collision. Identify who decides which accidents are reported to the trucking company? State and produce the trucking company policy regarding accident reporting.

**RESPONSE:**

37.     Produce a copy of the "built sheet" for the tractor involved in the collision.

**RESPONSE:**

38.   Please produce for inspection a copy of all documents reviewed by your experts regarding this case.

**RESPONSE:**

39.   Produce the driver qualification files for defendant.

**RESPONSE:**

40.   Produce the driver personnel files for defendant.

**RESPONSE:**

41.   Produce the driver safety files for defendant.

**RESPONSE:**

42.   Produce the built sheet for the tractor in question.

**RESPONSE:**

43.   Produce the built sheet for the trailer in question.

065467.1001

DB02:5493535.1

RESPONSE:

44.    Produce all U.S. Department of Transportation Safety or Compliance Reviews for the trucking company.

RESPONSE:

45.    Produce all private (non–governmental) safety review for the trucking company.

RESPONSE:

46.    Produce all violations of the Federal Motor Carrier Safety Regulations, state regulations, USDOT regulations or ICC regulations for the trucking company.

RESPONSE:

47.    For each trucking company driver for the year before the date of the collision, produce each of the periodic financial statements showing reconciliation of commissions, fees, costs and expenses.

RESPONSE:

48.    Produce any and all replies of the trucking company to state law enforcement inspection reports for the three years before the date of this collision.

RESPONSE:

49.    Produce for inspection a complete copy of the trucking company agent manual in effect for the year of the collision.

RESPONSE:

50.    Produce a complete copy of the safety award program for the trucking company for the past three years and provide explanation as to how a driver could earn a safe driving patch?

RESPONSE:

51.    Produce all accident reports (company, local, state and federal) and all other documentation (property damage, witness statements) regarding this collision. Request is herein made to make "duplicate originals" of such documents at reasonable expense, billable to the plaintiff's counsel.

RESPONSE:

52.    Produce all accident reports (company, local, state and federal) and all other documentation (property damage, witness statements) regarding any accidents by the truck driver. Request is herein made to make "duplicate originals" of such documents at reasonable expense, billable to the plaintiff's counsel.

065467.1001

DB02:5493535.1

RESPONSE:

53.    Produce all accident reports (company, local, state and federal) and all other documentation (property damage, witness statements) regarding any accidents by any truck driver for the trucking company for the year of the collision. Request is herein made to make "duplicate originals" of such documents at reasonable expense, billable to the plaintiff's counsel.

RESPONSE:

54.    Produce the trucking company manual regarding its driver safety point system for the year of the collision.

RESPONSE:

55.    Produce all driver training video tapes used by the trucking company for the past three years.

RESPONSE:

56.    Produce the trucking company dispatch logs (e.g. Daily Activity Report) for all truck drivers for the month of the collision and for the defendant truck driver for the year of the collision.

RESPONSE:

57.    Produce a sample of the trucking company accident report kit in effect during the year of the collision.

**RESPONSE:**

58.    Produce a copy of the trucking company "meal stop letters" in effect for the year of the collision, if any.  If none exist, so state.

**RESPONSE:**

59.    Produce a copy of the trucking company standards for hiring and retaining truck divers for the year of the collision.

**RESPONSE:**

60.    Produce a copy of the trucking company safety procedures, guidelines and regulations for agents and drivers in effect for the year of the collision.

**RESPONSE:**

61.    Produce a copy of the trucking company responses to US DOT and state safety and compliance audits.

**RESPONSE:**

065467.1001

DB02:5493535.1

62.    Produce a copy of the trucking company safety point system, if any, in effect for the three years before the collision.

**RESPONSE:**

63.    Produce the ATA annual revenue report pages for the past three years for the trucking company.

**RESPONSE:**

64.    Provide a copy of information known to you regarding driver fatigue and its effect on accident rates and safety.

**RESPONSE:**

65.    During the year of the collision, what accident statistics were kept by the trucking company. Produce them for the year of and the year before the collision.

**RESPONSE:**

66.    Produce all accident and safety statistics for the trucking company which were submitted to or required by each insurance carrier or underwriter for the trucking company for the past three years.

**RESPONSE:**

67.     Produce all insurance carrier limitations and obligations in effect for the past three years.

**RESPONSE:**


68.     Produce a copy of the trucking company training materials, handouts, videos and cassettes for the past three years. In addition to company material, if material is purchased from other sources, please produce that as well.

**RESPONSE:**


69.     Produce a copy of the trucking company safety and accident materials given to drivers during the year of the collision and the year before.

**RESPONSE:**


70.     Produce a copy of the trucking company newsletters sent to drivers for the past three years.

**RESPONSE:**

71.    Produce a copy of all correspondence and document7 with the US DOT and the US ICC for the past three years.

**RESPONSE:**

72.    Produce each DOT Form 50T for the trucking company for the year of the collision.

**RESPONSE:**

73.    Produce a copy of the trucking company Telephone Directory for the year of the collision.

**RESPONSE:**

74.    Produce all copies of advertisements and phone listings for the trucking company for the year of and the year before the year of the collision.

**RESPONSE:**

75.    Produce the trucking company policies and rules regarding the use of trade names and ICC numbers on vehicles and documents.

**RESPONSE:**


YOUNG CONAWAY STARGATT & TAYLOR, L.L.P


Timothy E. Lengkeek (#4116)
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
(302) 571-6605
Attorneys for Plaintiff


Dated:  October 19, 2006

065467.1001

EXHIBIT C

*Rec 1/9/07*

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by *(Printed Name)*  C. Date of Delivery  *1-3-07* |
| 1. Article Addressed to:<br><br>J.B. Hunt Transport, Inc.<br>c/o its Registered Agent<br>CSC of Gwinnett County, Inc.<br>40 Technology Parkway, S #300<br>Norcross, GA  30092 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☐ Certified Mail  ☐ Express Mail<br>☑ Registered  ☑ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D. |
| | 4. Restricted Delivery? *(Extra Fee)*  ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)*  RA 996 772 767 US | |

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

EXHIBIT D

| Registered No. | | | Date Stamp |
|---|---|---|---|
| QA 906 77 2767 US | | | |

| | Reg. Fee | 8.00 | | |
|---|---|---|---|---|
| **To Be Completed By Post Office** | Handling Charge | | Return Receipt | 1.85 |
| | Postage | 3.03 | Restricted Delivery | |
| | Received by | | | |
| | Customer Must Declare Full Value  $ | | ☐ With Postal Insurance ☐ Without Postal Insurance | Domestic insurance up to $25,000 is included in the fee. International indemnity is limited. *(See Reverse).* |

OFFICIAL USE

| | | |
|---|---|---|
| **To Be Completed By Customer (Please Print) All Entries Must Be in Ballpoint or Typed** | FROM | Timothy E. Lengkeek, Esq<br>YCST<br>1000 West Street, 7th Floor<br>Wilmington, De 19801 |
| | TO | J.B. Hunt Transport, Inc.<br>C/o its Registered agent<br>CSC of Gwinnett County, Inc.<br>40 Technology Parkway, S. #300<br>Norcross, GA 30092 |

PS Form 3806, **Receipt for Registered Mail**       Copy 1 - Customer
May 2004 (7530-02-000-9051)                            *(See Information on Reverse)*
For domestic delivery information, visit our website at *www.usps.com* ®