IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH A. COCHRAN, JR. | ) <br> ) <br> )   C.A. 06-697 JJF <br> ) |
| v. | ) <br> ) <br> ) |
| J.B. HUNT TRANSPORT, INC. <br> and JAMES W. REED | ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**

Pursuant to Federal Rule Civil Procedure 37, Plaintiff hereby moves the Court for an Order requiring that Defendant produce the following:

1.   The transcripts of all recorded statements taken by the insurance company adjuster in the above-captioned case. Such statements are not subject to the attorney/client privilege or the attorney work product privilege pursuant to McDougall v. Dunn, 468 F. 2d (4th Cir. 1972) and Charles v. Liser, 2003 Del. Super. LEXIS 251 (Del. Super. Ct. July 10, 2003), which is attached as Exhibit A.

2.   Counsel for Plaintiff has made a reasonable effort to reach an agreement with Defendant on the matter set forth in this motion in accordance with Local Rule 7.1, as set forth in the correspondence attached as Exhibit B.

WHEREFORE, Plaintiff respectfully requests this Court enter the attached Order granting this Motion to Compel.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Timothy E. Lengkeek (No. 4116)
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
(302) 571-6605
Attorney for Plaintiffs

Dated: October 23, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH A. COCHRAN, JR. | ) |
| | ) C.A. 06-697 JJF |
| | ) |
| v. | ) |
| | ) |
| J.B. HUNT TRANSPORT, INC. | ) |
| and JAMES W. REED | ) |

**CERTIFICATE OF SERVICE**

Timothy E. Lengkeek, Esquire, hereby certifies that on October 23, 2007, Plaintiff's Motion to Compel Discovery Responses was served on the following counsel by HAND DELIVERY:

> Delia Ann Clark Esquire
> Rawle & Henderson LLP
> 300 Delaware Avenue, Suite 1015
> P.O. Box 588
> Wilmington, DE 19899-0588

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Timothy E. Lengkeek (No. 4116)
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
(302) 571-6605
Attorney for Plaintiffs

# EXHIBIT A

2003 Del. Super. LEXIS 251, *

LEXSEE 2003 DEL. SUPER. LEXIS 251

Joseph & Emmanuella Charles v. Jonathan A. Lizer

Civil Action No. 02C-03-039 WLW

SUPERIOR COURT OF DELAWARE, KENT

2003 Del. Super. LEXIS 251

July 10, 2003, Decided

DISPOSITION: [*1] Plaintiffs' motion in limine granted; Plaintiffs' motion for default judgment denied; two motions to compel filed within motion for default judgment granted.

COUNSEL: William D. Fletcher, Esquire, Schmittinger & Rodriguez, P.A., Dover, Delaware.

Michael A. Pedicone, Esquire, Wilmington, Delaware.

JUDGES: William L. Witham, Jr.

OPINION BY: William L. Witham , Jr.

OPINION

After reviewing the submissions of the parties, the Court finds that Plaintiffs' motion in limine is granted; Plaintiffs' motion for default judgment is denied; however, the two motions to compel filed within the motion for default judgment are granted.

A. Plaintiff's Motion in Limine Regarding Corporal Cheryl Lee Arnold

Under Delaware Uniform Rule of Evidence 602:

> A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness himself. [1]

1 D.R.E. 602.

It is [*2] undisputed that in her deposition Corporal Arnold provided testimony that she lacks any personal knowledge about the incident. Since Corporal Arnold disclosed that she did not have a present recollection of the accident, a copy of a police report was provided to her to try to refresh her recollection. However, after examining the report Corporal Arnold disclosed that she did not prepare the police report nor did that report refresh her recollection. Since it is well documented that this witness does not have personal knowledge of the accident any proffered testimony of Corporal Arnold is inadmissible.

B. Plaintiff's Motion in Limine For Default Judgment

Pursuant to Superior Court Civil Rule 33, interrogatories must be answered fully in writing under oath, and signed by the person making them. [2] For purposes of assessing sanctions under Superior Court Civil Rule 37 "an evasive or incomplete answer or response is to be treated as a failure to answer or respond." [3] Plaintiffs therefore request that this Court impose sanctions on the Defendant for failing to completely answer and failing to sign the Form 30 Interrogatories.

2 SUPER. CT. CIV. R. 33(b)(1)-(b)(2).

[*3]

3 SUPER. CT. CIV. R. 37(a)(3).

Under Rule 37 the power "to grant a default judgment for failure to make discovery is discretionary, 'and such discretion should be exercised so that cases are decided on their merits and not on technicalities.'" [4] Furthermore, in *Warner v. Warner Co.* the Supreme Court stated that "it seems clear from an analysis of Rule 37 that the Framers of the Rules intended that the time schedule set out in the Rules, particularly Rule 37, should be considered in their interpretation. Rule 37(a), timewise, comes before Rule 37(d) and this has some importance . . . . the proponent of the

interrogatories should invoke Rule 37 (a) by first moving for an order to compel his adversary to answer the interrogatories before invoking the provisions of Rule 37(d) and seeking sanctions." However, the Supreme Court did conclude that in certain cases, specifically if there has been demonstrated willfulness on the part of the adversary that is undermining the litigation, a Motion to Compel under Rule 37(a) is not required before filing a Motion for Sanctions. In the case at bar, the [*4] Plaintiffs have not demonstrated that the Defendant wilfully failed to complete the interrogatories. Thus, Plaintiffs' motion for sanctions is denied; however, this Court will grant the Plaintiffs' request that the Defendant be compelled to answer Interrogatory No.3 and Interrogatory No. 8 and sign his interrogatory answers under oath.

> 4  *Warner v. Warner Co.*, 54 Del. 478, 180 A.2d 279, 282, 4 Storey 478 (Del. 1962)

The Plaintiffs also request that the Defendant be compelled to produce Defendant's recorded statements [5] made to Allstate Insurance Company's investigator, Mr. McCloud. Defendant asserts that Mr. McCloud's report which contains the Defendant's statements is privileged because the statements were made in anticipation of litigation. Plaintiffs claim that the statement of the Defendant was not prepared in anticipation of litigation or for trial and is thus discoverable under Superior Court Civil Rule 26.

> 5  There is some controversy as to whether or not there is a recorded statement. Defendant claims there is only a summary of these statements prepared from Mr. McCloud.

[*5] Materials prepared with the general knowledge that a suit may follow the incident being investigated are deemed not to be prepared in anticipation of trial within the meaning of Superior Court Civil Rule 26 (b)(3). [6] In *Conley v. Graybeal*, [7] the Court held that a sketch of the scene and a transcript the defendant's recorded interview taken by an employee of the defendant's insurance company was discoverable under Rule 26. In coming to its conclusion the Court stated:

> It has previously been held in this jurisdiction that, under similar factual circumstances, statements given to an insurance adjuster by the defendant prior to intercession of legal counsel and not guided in any way by an attorney or by one charged with preparing litigation were discoverable upon motion of the plaintiff. In reaching its conclusion, this Court cited the ruling of the U.S. District Court, N.D. Illinois, E.D. that "any report or statement made by or to a party's agent . . . which has not been requested by nor prepared for an attorney nor which otherwise reflects the employment of an attorney's legal expertise must be conclusively presumed to have been made in the ordinary course of business and [*6] thus not within the purview of the limited privilege of . . . Rule 26(b)(3) . . . ." Similarly, statements made by defendant driver to his claims adjuster were held discoverable by the United States Court of Appeals. . . [8]

The case at bar and the *Conley* case are factually very similar. In both cases the insurance company investigator prepared the documents in the regular course of his duties requiring him to make a thorough investigation of the accident, and in both cases the documents were prepared months prior to initiation of a suit by the plaintiff. [9] The only slight factual difference is that in the *Conley* case the documents were prepared before the plaintiff had retained an attorney; whereas, in the current case the Plaintiffs' attorney in April of 2000 reported the accident to Defendant's insurance company and then on November 14, 2000 a demand for settlement was sent to the insurance company by Plaintiffs' attorney. Nevertheless here, like in *Conley*, there is no indication that the statement was requested or prepared for an attorney, nor in any way reflects the employment of an attorney's expertise. Therefore, this Court finds that the statement is discoverable [*7] if the Defendant has possession of a transcript of the recorded statement that should be given to the Plaintiffs. If no transcript exists, then the Defendant should provide Mr. McCloud's summary of the statement.

> 6  *Conley v. Graybeal*, 315 A.2d 609, 610 (Del. Super. Ct. 1974).
>
> 7  315 A.2d 609 (Del. Super. Ct. 1974).
>
> 8  *Id.* at 610 (internal citations omitted).
>
> 9  The statement was given to the insurance investigator on March 6, 2001 and suit was not filed by the Plaintiffs until March 28, 2002.

Therefore, after reviewing the motions and the response it appears to this Court that the Plaintiffs' Motion in Limine regarding the officer's testimony should be *granted*. Additionally, Plaintiffs' Motion for Default Judgment shall be *denied*; however, to the extent that the Defendant gave incomplete answers to the Form 30 Interrogatories he shall be compelled to give the Plaintiffs complete answers.

Finally, the Defendant is compelled to give the Plaintiffs [*8] a transcript of Defendant's recorded statements given to Mr. McCloud. If a transcript is not within the control of the Defendant, then the summary of the statement prepared by Mr. McCloud shall be given to the Plaintiffs.

IT IS SO ORDERED.

/s/ William L. Witham, Jr.

# EXHIBIT B

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH

JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 302-571-6605
DIRECT FAX: 302-576-3308
tlengkeek@ycst.com

JOSEPH M. BARRY
SEAN M. BEACH
SANJAY BHATNAGAR
DONALD J. BOWMAN, JR.
MICHELE SHERRETTA BUDICAK
JEFFREY T. CASTELLANO
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL
TIMOTHY E. LENGKEEK

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
PATRICIA A. WIDDOSS

ANDREW A. LUNDGREN
MATTHEW B. LUNN
ADRIA B. MARTINELLI
KATHALEEN MCCORMICK
MICHAEL W. MCDERMOTT
TAMMY L. MERCER
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
(NJ & PA ONLY)
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER
JOHN E. TRACEY
TRAVIS N. TURNER
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

October 9, 2007

<u>VIA FACSIMILE AND FIRST CLASS MAIL</u>
Delia Ann Clark Esquire
Rawle & Henderson LLP
300 Delaware Avenue, Suite 1015
P.O. Box 588
Wilmington, DE 19899-0588

   Re: Joseph A. Cochran, Jr. v. J.B. Hunt Transport Services Inc.
     Your File No.: 301204

Dear Delia:

  In reviewing your client's responses to my discovery, it appears that you have objected to and have not answered any discovery regarding claims for negligent hiring, training, entrustment, et cetera, because you believe such claims are prejudicial and immaterial. Please be advised that Delaware law allows such claims to go forward even if agency is admitted. I have attached a recent Superior Court decision where this issue was litigated, *Smith v. Williams*, 2007 Del. Super. LEXIS 266 (Sept. 11, 2007). Moreover, the very Complaint I filed does include a count for punitive damages. Because the discovery cut-off is December 12, 2007, I would ask that you provide this material within 10 business days. Please also be advised that my office will be in contact shortly to schedule Mr. Reid's deposition and a 30(b)(6) deposition.

  Finally, please also provide the recorded statements taken on October 30, 2004 of the plaintiff, Victoria Bowden, and Phillip Dillard. Please note that the Delaware Superior Court has held that such statements are not protected by the attorney-client privilege and are not work product. *Charles v. Lizer*, 2003 Del. Super. LEXIS 251. Please also provide those statements within 10 days.

  If I do not receive responses within 10 days, I will have to file a Motion to Compel due to the discovery cut-off date.

DB02:6285557.1                                           065467.1001

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Delia Ann Clark Esquire
October 9, 2007
Page 2

       Enclosed is a signed Confidentiality Agreement. Please contact me if you have any questions in this regard.

                      Very truly yours,

                      Timothy E. Lengkeek

TEL:sm
cc:   Ms. Linda Hanick

FP: Corr
T: 10/19/07

DB02:6285557.1                                           065467.1001

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH A. COCHRAN, JR. | ) |
| | ) |
| C.A. 06-697 JJF | ) |
| | ) |
| v. | ) |
| | ) |
| J.B. HUNT TRANSPORT, INC. | ) |
| and JAMES W. REED | ) |

**ORDER**

At Wilmington, this _____ day of October, 2007, upon consideration of Plaintiff's Motion to Compel, it is HEREBY ORDERED that Plaintiff's motion is GRANTED as follows:

*Defendant shall, within ten (10) days, produce all recorded statements taken concerning the above-captioned case.*

_____
UNITED STATES DISTRICT JUDGE