IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH A. COCHRAN, JR.,<br>      Plaintiff, | :<br>:<br>: | C.A. No. 1:06 cv 00697 |
| v. | :<br>: | |
| J.B. HUNT TRANSPORT, INC.<br>and JAMES W. REED,<br>      Defendants. | :<br>:<br>:<br>: | |

### DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO COMPEL DISCOVERY RESPONSES

Defendants, J.B. Hunt Transport, Inc. and James W. Reed, hereby reply to Plaintiff's Opposition to the Motion to Compel:

1. On May 4, 2007, defendants served plaintiff with Interrogatories and Requests for Production of Documents in connection with the above-captioned case. The transmittal letter requests that plaintiff respond to the discovery within "the time period permitted by the Federal Rules of Civil Procedure." See Exhibit "A"

2. Plaintiff argues that the discovery was served in the Superior Court action. In part, plaintiff is correct. In preparing the discovery responses, the paralegal used the old caption. Unfortunately, the undersigned did not notice the clerical mistake. However, the transmittal letter clearly states that the answers were to be served within the time period imposed by the Federal Rules of Civil Procedure.

3. The number of interrogatories complied with the Federal Rules of Civil Procedure.

4. The Interrogatories and the Request for Production refer to the Federal Court Rules of Civil Procedure. (See collectively as Exhibit "C")

2180321-1

5. Plaintiff has not alleged that the discovery requests were not received, but merely allege that the caption was incorrect.

6. As this matter was removed in November of 2006, there was no state court proceeding and service of the discovery requests was not in the non-existent Superior Court matter.

7. Defendants' timely notified plaintiff that it objected to the service of 124 Interrogatories without including subparts upon receipt of the discovery.

8. In July, 2007 when counsel spoke about the discovery requests, nothing was said to draw attention to the obvious typographical error.

9. Plaintiff's counsel promised that the answers would be forthcoming on two occasions as required by Local Rule 7.1 initiated in an attempt to resolve this dispute.

10. Defendants are prejudiced by the plaintiff's delay in timely responding to discovery. Plaintiff seeks a further delay to have defendants reserve the discovery requests.

WHEREFORE, defendants, J.B. Hunt Transport, Inc. and James W. Reed, respectfully request that this Honorable Court enter an Order compelling plaintiff to respond to the discovery served on or about May 4, 2007.

                RAWLE & HENDERSON LLP

                By:_____/s/ *Delia A. Clark*_____
                   Delia A. Clark
                   Attorneys for Defendants,
                   J.B. Hunt Transport, Inc. and
                   James W. Reed

Dated: October 29, 2007

2180321-1

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the within-captioned DEFENDANTS' J.B. HUNT TRANSPORT, INC. AND JAMES W. REED, Reply to Plaintiff's Opposition was served via first-class mail, postage prepaid, on the below listed individuals on this 29th day of October 2007:

Timothy E. Lengkeek
YOUNG, CONAWAY, STARGATT & TAYLOR
1000 West Street, 17th Floor
PO Box 391
Wilmington, DE  19899-0391

RAWLE & HENDERSON LLP

By: ___/s/ *Delia A. Clark*_____
    Delia A. Clark
    Attorneys for Defendant,
    J.B. Hunt Transport, Inc.
    And James W. Reed

2180321-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH A. COCHRAN, JR., | : | |
|     Plaintiff, | : | C.A. No.  1:06 cv 00697 |
| | : | |
| v. | : | |
| | : | |
| J.B. HUNT TRANSPORT, INC. | : | |
| and  JAMES W. REED, | : | |
|     Defendants. | : | |

## **ORDER**

At Wilmington, this _____ day of _____, 2007, upon consideration of Defendants' Motion to Compel Discovery Responses, and any response thereto, it is hereby ORDERED that Defendants' motion is GRANTED and that Plaintiff shall serve full and complete responses to Defendants' Interrogatories and Requests for Production of Documents, without objection, within ten (10) days of the date of this Order.

 

                                                                          _____
                                                                          UNITED STATES DISTRICT JUDGE

# Exhbit C

2063604-1

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| JOSEPH A. COCHRAN, JR. | : |
| | :    C.A. 06c-08-106 MJB |
| | : |
| v. | : |
| J.B. HUNT TRANSPORT, INC. | : |
| and JAMES W. REED | : |

**DEFENDANT'S INTERROGATORIES DIRECTED TO PLAINTIFF**

Defendants, J.B. Hunt Transport, Inc. and James W. Reed, by and through its attorneys, Rawle & Henderson LLP, hereby propound the following Interrogatories to be answered under oath by Plaintiffs within thirty (30) days of service under and pursuant to the Federal Rules of Civil Procedure.

**DEFINITIONS**

    1.    The terms accident or collision as used herein refers to the motor vehicle accident that occurred on or about October 30, 2004, as described in Plaintiffs Complaint.

    2.    The term area as used herein refers to the location of the accident as described in Plaintiffs Complaint.

    3.    The words document or documents as used herein include, without limitation, the original and any nonidentical copy of any written, recorded or graphic matter, however produced or reproduced, or documentary material of any nature whatsoever, together with any attachments thereto and enclosures therewith, and any photographic and electronic data where encarded, taped or coded electrostatically, electromagnectically or otherwise, in the possession, custody or control of Plaintiff and/or his agents, representatives or attorneys including, but not limited to, any correspondence, memoranda, notes, telegrams, reports, statements, transcripts of telephone conversations or other data.

    4.    The term identify as used herein in connection with a document or documents means:

2063604-1

      a.      Furnish the name and date of the document, the name and address of the author and the person or persons, if any, to whom the documents were addressed, the names and addresses of all persons to whom the copies of the document were or has been sent, and the firm or firms with which such persons were connected at the date of the document, and

      b.      state whether Plaintiff is in possession of the original of the document or a copy thereof, and if not in possession of the original or a copy, furnish the name and address of the custodian of the original or a copy.

      5.      The terms person or persons as used herein include, without limitation, individuals, associations, partnerships and corporations.

      6.      The term identify as used herein in connection with a person or persons means to state the name, social security number, present and/or last known address, and name of employer or last known place of employment.

      7.      As used herein, Plaintiff, you and yours include the Plaintiff and any of his agents, servants, employees, representatives, or any other persons acting on his behalf or by his direction.

## INTERROGATORIES

      1.      State: (a) your full name; (b) date and place of birth; (c) social security number; (d) veterans identification number and (e) present residential address and the address of each other residence which you have had during the past five (5) years.

      2.      Identify all persons with knowledge or information regarding the collision and/or the claims arising therefrom.

3. Identify all persons who witnessed the accident.

4. Identify all statements, oral or written, signed or unsigned, recorded or unrecorded you have obtained concerning the collision including the statement of all witnesses and parties.

5. Identify any photographs, plans, sketches, drawings, diagrams, (other than drawings or diagrams made by counsel), blueprints or other renderings of the things or areas involved in this collision or the locale or surrounding area of the site of the accident in your possession or the possession of any of your representatives.

6. State in detail all information, whether believed to be credible or not, concerning the cause of the accident, including, but not limited to, where you were going and what you were doing when the accident occurred.

7. Give a detailed description of the nature, extent and duration of any and all injuries allegedly sustained in the accident, including a detailed description of any injury or condition claimed to be permanent.

2063604-1

8. State the name and address of any insurance company which provided a policy of insurance for health, accident, disability, or workmen's compensation for any injuries sustained in or as a result of the collision and, for each, identify a policy or group number, any written reservation of rights, non-waiver agreement or other document which in any way asserts to limit the amount of coverage under and pursuant to the terms and conditions of such policy or policies.

9. Identify any hospitals, health care centers and/or physicians, physical therapists or other medical personnel, from whom you sought treatment as a result of the collision and, for each, state the names, addresses, dates and duration of all care.

10. State the name and address of all family physicians or primary health care provider(s) with whom you have treated during the past ten (10) years, and briefly the nature of any illness or injury for which you have been treated during said time.

11. State the name and address of the company who made your prescription glasses that you were wearing at the time of the accident.

12. State the name and address of all pharmacies at which plaintiff filled his prescriptions since the date of the accident.

13. State whether at any time prior to the date of the accident you sustained any injury or had any illnesses or medical condition involving any parts of your anatomy said to have been injured or afflicted as a result of the collision, and if so, give details, including dates.

14. State whether at any time since the date of the accident you sustained any injury or had any illnesses or medical condition involving any parts of your anatomy said to have been injured or afflicted as a result of the collision, and if so, give details, including dates.

15. Itemize in complete detail any and all monies expended or expenses incurred for hospitals, health care centers, physicians, nurses, x-rays, medications, care or equipment, as well as any and all other losses or expenses incurred not otherwise set forth, and state the name and address of each payee and the amount paid or owed each payee.

16. State the name and address of each employer; the position you held with respect to each employer; a brief description of your duties; and the average weekly wages for each over the last seven (7) years.

17. If there has been a return to employment or occupation, state the name and address of your present employer, position held, and present weekly wages, earnings, income or profit.

18. State whether you are now receiving, or have you ever received, any disability pension income or insurance, or any workmen's compensation, from any private or governmental agency, company, person or corporation, and if so, identify the provider.

19. Identify all persons whom you expect to call as experts at trial and with respect to each, provide the disclosure mandated under the Federal Rules of Civil Procedure.

2063604-1

20. Identify each and every witness who will testify on behalf of the Plaintiffs at the trial of this action and the subject matter upon which each individual will testify.

21. Identify all exhibits you intend to offer at trial.

22. If you have ever been convicted of a crime, state the offense for which you were convicted, the date of said conviction and the court and indictment number involved in each and every convicted offense.

                                                    RAWLE & HENDERSON LLP

                                                    By:_____

                                                    Delia A. Clark
                                                    Attorney for Defendants,
                                                    J.B. Hunt Transport, Inc. and James W. Reed

2063604-1

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| JOSEPH A. COCHRAN, JR. | : |
| | : C.A. 06c-08-106 MJB |
| | : |
| v. | : |
| J.B. HUNT TRANSPORT, INC. | : |
| and JAMES W. REED | : |

**DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS
DIRECTED TO PLAINTIFFS**

Defendants, J.B. Hunt Transport, Inc. and James W. Reed, by and through their attorneys, Rawle & Henderson LLP, hereby requests that Plaintiff provide the documents requested below within thirty (30) days of service pursuant to Federal Rules of Civil Procedure. Defendants' requests are continuing, so as to require Plaintiff to file supplemental answers if it obtains further or different information prior to trial.

**DEFINITIONS**

1.  The terms accident or collision as used herein refers to the motor vehicle accident that occurred on or about October 30, 2004, as described in Plaintiff's Complaint.

2.  The term area as used herein refers to the location of the accident as described in Plaintiff's Complaint.

3.  The words document or documents as used herein include, without limitation, the original and any nonidentical copy of any written, recorded or graphic matter, however produced or reproduced, or documentary material of any nature whatsoever, together with any attachments thereto and enclosures therewith, and any photographic and electronic data where encarded, taped or coded electrostatically, electromagnetically or otherwise, in the possession, custody or control of Plaintiff and/or his agents, representatives or attorneys including, but not limited to, any

2063604-1

correspondence, memoranda, notes, telegrams, reports, statements, transcripts of telephone conversations or other data.

    4.    The terms person or persons as used herein include, without limitation, individuals, associations, partnerships and corporations.

    5.    As used herein, Plaintiff, you and yours include the Plaintiff and any of his agents, servants, employees, representatives, or any other persons acting on his behalf or by his direction.

## REQUEST FOR PRODUCTION OF DOCUMENTS

    1.    A consent form executed by Plaintiff for the release of Plaintiff's school records.

    2.    Records or reports of any private physicians and any hospitals or medical facilities relating to examinations and/or treatment of Plaintiff from the date of the alleged accident to the present time for any causes or conditions whatsoever. (Authorization attached).

    3.    All records or reports of any private physician or hospital or medical facility relating to examinations and/or treatment of Plaintiff prior to the date of the alleged accident for any injuries or conditions:

        (a)    affecting the parts of the body alleged in the Complaint to have been injured.

        (b)    involving any other injury or condition medically capable of causing any degree of permanent partial impairment of a bodily function. (Authorizations attached).

    4.    All x-ray films taken at any time showing any of the parts of the body

alleged to have been injured in the accident and/or identified in Plaintiff's Complaint, or in the alternative, consent forms executed by Plaintiff which will permit a representative of Defendants to have access to such films and any accompanying interpretive reports for the purpose of having them reviewed by medical examiners acting on behalf of Defendants. (Authorization attached).

     5.    A consent form executed by Plaintiff which will permit Defendants to obtain the records of any public assistance or welfare organization or agency having locality jurisdiction over the Plaintiff, for any period subsequent to the date of Plaintiff's accident. (Authorization attached).

     6.    Please produce any and all documentation identified in response to or requested by Defendants' Interrogatories.

     7.    Please produce any and all documentation referred to or reviewed in preparing answers to Defendants' Interrogatories.

     8.    Please produce any and all documentation pertaining to the alleged accident.

     9.    Please produce any and all documentation regarding the cause of the alleged accident.

     10.    Please produce any documents pertaining to injuries Plaintiff alleges to have sustained as a result of the alleged accident.

     11.    Please produce any photographs in Plaintiff's possession taken regarding the alleged accident.

     12.    Please produce any photographs in Plaintiff's possession of Plaintiff's injuries as a result of the alleged accident.

2063604-1

13. Please produce copies of any Complaints from any other lawsuits filed on Plaintiff's behalf, at any time, claiming damages and, if Plaintiff maintain that any such Complaints are unobtainable, supply in lieu thereof an affidavit setting forth the caption, court, term and number of any such Complaints and the date of the injuries involved in each.

14. Please produce a copy of any policies of insurance listing Plaintiff as insured, in effect on or since the date of Plaintiff's alleged injuries, covering loss of earnings and/or medical and hospital expenses and/or other disability benefits and a copy of any claims which Plaintiff has made for benefits under the terms of any such policies during the described period.

15. Please produce any statements made and executed by any party to the litigation, their agents, servants, representatives, officers and/or employees, as well as any and all written statements which, although not executed by the persons making such statements, have been approved or adopted by them as their versions of the facts stated therein.

16. Please produce copies of any expert reports and *curriculum vitaes* or resumes of expert witnesses expected to testify at trial.

17. Please produce any documents prepared by or at the direction of any testifying expert witness.

18. Please produce any materials reviewed by any expert consulted by you concerning this case.

19. Please produce all documents Plaintiff intends to introduce at trial.

20. Please produce any and all maintenance and repair records for the vehicle

which was occupied by Plaintiff at the time of the accident, as further described in the

Complaint, for

three (3) years prior to the accident to the present time.

                              RAWLE & HENDERSON, L.L.P.

By: _____
        Delia A. Clark, Esq.(3337)
        Attorneys for Defendants
        300 Delaware Avenue
        Suite 1015
        Wilmington, DE  19801
        (302)778-1200

Dated: May 4, 2007

**CERTIFICATE OF SERVICE**

It is hereby certified that a true and correct copy of Defendants' Requests for Production of Documents Directed to Plaintiff, were served via first-class mail, postage prepaid, on the following:

>Timothy E. Lengkeek, Esquire
>Young, Conaway, Stargatt and Taylor
>1000 West Street, 17th Floor
>PO Box 391
>Wilmington, DE  19899-0391

>RAWLE & HENDERSON, L.L.P.

>_____
> Delia A. Clark

Dated:_____

2063604-1