IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH A. COCHRAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06-697 JJF |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES W. REED and | ) | |
| J. B. HUNT TRANSPORT, INC., | ) | TRIAL BY JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER TO ADJOURN
THE DEPOSITION OF A FACT WITNESS UNTIL DEFENDANTS
PRODUCE HIS NON-PRIVILEGED STATEMENT

Plaintiff, by and through undersigned counsel, moves this Honorable Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for an order adjourning the deposition of Phillip Dillard noticed by Defendant for December 5, 2207 at 10:00 a.m. In support of this motion, Plaintiff states as follows:

1. This Court has broad discretion to regulate discovery, including the authority to enter a protective order setting forth specified terms and conditions for taking discovery. Fed. R. Civ. P. 26(c)(1).

2. Plaintiff learned in discovery that Defendant J.B. Hunt Transport, Inc. hired an investigator, presumably in the ordinary course of business, to take statements of the parties and witnesses to the accident at issue in this case. The investigator took Plaintiff's statement three hours after the accident. Plaintiff assumes the other statements, including the Defendant and "eyewitnesses," were taken the same day or shortly thereafter.

3. Plaintiff filed a Motion to Compel with this Court on October 23, 2007 seeking an order compelling the production of the statements taken by the Defendants' investigator, including Phillip Dillard, an alleged eyewitness to the collision ("Dillard"). Defendant filed a response thereto October 26, 2007. The Court has taken the matter under advisement.

4. On November 28, 2007, Defendant send Plaintiff's counsel a copy of a subpoena commanding Dillard to appear at the law offices of Rawle & Henderson, LLP on December 5, 2007 at 10 a.m. Defendant has not noticed said deposition with this Court as of the date of the filing of this Motion.

5. The law in this district, and the great majority of other jurisdictions, is that statements and/or documents taken by employers or investigators before litigation are not privileged under Fed. R. Civ. P. 26. In Spaulding v. Denton, the plaintiff filed a motion to compel production of letters prepared after an accident by an investigator hired by the insurance company. 68 F.R.D. 342 (D. Del. 1975). Ordering the production of two of the three letters, which were prepared three and four weeks after the accident, this Court held that the letters were merely an attempt by the insurance company to "find out everything possible, as soon as possible, after the accident" and not in anticipation of litigation. Id. at 346.

6. Spaulding is in accord with the following jurisdictions holding that a party's statement to employers, investigators or insurance adjustors are not privileged. McDougal v. Dunn, 468 F.2d 468 (4th Cir. 1972) (ordering production of statements of defendant and third party to insurance adjustor taken two years after accident); Jackson v. Kroblin Refrigerated Xpress, Inc., 49 F.R.D. 134 (N.D. W. Va. 1970) (ordering production of statements taken by an insurance company because such statements are not "work product" of a

lawyer); State Farm Ins. Co. v. Roberts, 398 P.2d 671 (Ariz. 1965) (ordering production of statement of defendant to his insurance company); Webster v. Central Paving Co., 214 N.W.2d 707 (Mich. App. Ct. 1974) (same); Masone v. Paull, 266 N.Y.S.2d 317 (N.Y. Sup. Ct. 1965) (same); Jacobi v. Podovels, 127 N.W.2d 73 (1964) (same).

7. Courts in the following jurisdictions, moreover, have ordered the production of eyewitness statements taken by an employer, insurance company, or an investigator. Southern Railway v. Campbell, 309 F.2d 569 (5th Cir. 1962); American Bankers Ins. Co. of Fla. v. Colorado Flying Acad., Inc., 97 F.R.D. 515 (D. Colo. 1983); Klawes v. Firestone Tire & Rubber Co., 572 F. Supp. 116 (E.D. Wis. 1983); In re Corrugated Container Antitrust Litigation, 556 F. Supp. 1117 (S.D. Tex. 1982); Virginia Elec. & Power Co. v. Sun Shipbuilding & D.D. Co., 68 F.R.D. 397 (E.D. Va. 1975); United States v. Murphy Cook & Co., 52 F.R.D. 363 (E.D. Pa. 1971); Timken Roller Bearing Co. v. United States, 38 F.R.D. 57 (N.D. Ohio 1964); Fireman's Fund Indem. Co. v. United States, 103 F. Supp. 915 (N.D. Fla. 1952).

8. Delaware courts have also held that statements obtained by an investigator are not privileged. In Conley v. Graybeal, the plaintiff filed a motion to compel seeking the production of a statement made by the defendant to an investigator five days after an accident and before suit was filed or the defendant retained an attorney. Granting plaintiff's motion to compel, this Court held as follows: "[S]tatements given to an insurance adjustor by the defendant prior to the intercession of legal counsel and not guided in any way by an attorney" are discoverable. 315 A.2d 609 (Del. Super. Ct. 1974); Charles v. Lizer, 2003 Del. Super. LEXIS 251 (Del. Super. Ct. July 10, 2003) (same) (attached as Exhibit 1).

9. Despite this case law, Defendant continues to withhold the statements taken by its investigator of the parties and the eyewitnesses. Because Dillard resides in Georgia,

his deposition noticed for December 5, 2007 will likely be read to the jury at trial in this matter. Without the opportunity to review Dillard's statement, Plaintiff's counsel will be extremely prejudiced if the deposition goes forward on December 5, 2007.

10. Pursuant to D. Del. LR 7.1.1, the parties have attempted to reach an agreement on this matter, but have been unsuccessful. See Emails between Timothy E. Lengkeek to Delia A. Clark (attached as Exhibit 2).

11. Pursuant to D. Del. 7.1.2(a), Plaintiff waives his right to file an opening brief.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter an Order adjourning the Dillard deposition scheduled for December 5, 2007 until such time as the Defendant produces Dillard's statement.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Timothy E. Lengkeek (No. 4116)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6605
Facsimile: (302) 576-3308
Attorneys for Plaintiff

Dated: 11/30/07

# EXHIBIT 1

LEXSEE 2003 DEL. SUPER. LEXIS 251

Joseph & Emmanuella Charles v. Jonathan A. Lizer

Civil Action No. 02C-03-039 WLW

SUPERIOR COURT OF DELAWARE, KENT

2003 Del. Super. LEXIS 251

July 10, 2003, Decided

**DISPOSITION:** [*1] Plaintiffs' motion in limine granted; Plaintiffs' motion for default judgment denied; two motions to compel filed within motion for default judgment granted.

**COUNSEL:** William D. Fletcher, Esquire, Schmittinger & Rodriguez, P.A., Dover, Delaware.

Michael A. Pedicone, Esquire, Wilmington, Delaware.

**JUDGES:** William L. Witham, Jr.

**OPINION BY:** William L. Witham, Jr.

**OPINION**

After reviewing the submissions of the parties, the Court finds that Plaintiffs' motion in limine is granted; Plaintiffs' motion for default judgment is denied; however, the two motions to compel filed within the motion for default judgment are granted.

*A. Plaintiff's Motion in Limine Regarding Corporal Cheryl Lee Arnold*

Under Delaware Uniform Rule of Evidence 602:

> A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness himself. [1]

1 D.R.E. 602.

It is [*2] undisputed that in her deposition Corporal Arnold provided testimony that she lacks any personal knowledge about the incident. Since Corporal Arnold disclosed that she did not have a present recollection of the accident, a copy of a police report was provided to her to try to refresh her recollection. However, after examining the report Corporal Arnold disclosed that she did not prepare the police report nor did that report refresh her recollection. Since it is well documented that this witness does not have personal knowledge of the accident any proffered testimony of Corporal Arnold is inadmissible.

*B. Plaintiff's Motion in Limine For Default Judgment*

Pursuant to Superior Court Civil Rule 33, interrogatories must be answered fully in writing under oath, and signed by the person making them. [2] For purposes of assessing sanctions under Superior Court Civil Rule 37 "an evasive or incomplete answer or response is to be treated as a failure to answer or respond." [3] Plaintiffs therefore request that this Court impose sanctions on the Defendant for failing to completely answer and failing to sign the Form 30 Interrogatories.

2 SUPER. CT. CIV. R. 33(b)(1)-(b)(2).

[*3]

3 SUPER. CT. CIV. R. 37(a)(3).

Under Rule 37 the power "to grant a default judgment for failure to make discovery is discretionary, 'and such discretion should be exercised so that cases are decided on their merits and not on technicalities.'" [4] Furthermore, in *Warner v. Warner Co.* the Supreme Court stated that "it seems clear from an analysis of Rule 37 that the Framers of the Rules intended that the time schedule set out in the Rules, particularly Rule 37, should be considered in their interpretation. Rule 37(a), timewise, comes before Rule 37(d) and this has some importance . . . . the proponent of the interrogatories should invoke Rule 37 (a) by first moving for an order to compel his adversary to answer the interrogatories before invoking the provisions of Rule 37(d) and seeking sanctions." However, the Supreme Court did conclude that in certain cases, specifically if there has been

demonstrated willfulness on the part of the adversary that is undermining the litigation, a Motion to Compel under Rule 37(a) is not required before filing a Motion for Sanctions. In the case at bar, the [*4] Plaintiffs have not demonstrated that the Defendant wilfully failed to complete the interrogatories. Thus, Plaintiffs' motion for sanctions is denied; however, this Court will grant the Plaintiffs' request that the Defendant be compelled to answer Interrogatory No.3 and Interrogatory No. 8 and sign his interrogatory answers under oath.

> 4   *Warner v. Warner Co.*, 54 Del. 478, 180 A.2d 279, 282, 4 Storey 478 (Del. 1962)

The Plaintiffs also request that the Defendant be compelled to produce Defendant's recorded statements [5] made to Allstate Insurance Company's investigator, Mr. McCloud. Defendant asserts that Mr. McCloud's report which contains the Defendant's statements is privileged because the statements were made in anticipation of litigation. Plaintiffs claim that the statement of the Defendant was not prepared in anticipation of litigation or for trial and is thus discoverable under Superior Court Civil Rule 26.

> 5   There is some controversy as to whether or not there is a recorded statement. Defendant claims there is only a summary of these statements prepared from Mr. McCloud.

[*5] Materials prepared with the general knowledge that a suit may follow the incident being investigated are deemed not to be prepared in anticipation of trial within the meaning of Superior Court Civil Rule 26 (b)(3). [6] In *Conley v. Graybeal*, [7] the Court held that a sketch of the scene and a transcript the defendant's recorded interview taken by an employee of the defendant's insurance company was discoverable under Rule 26. In coming to its conclusion the Court stated:

> It has previously been held in this jurisdiction that, under similar factual circumstances, statements given to an insurance adjuster by the defendant prior to intercession of legal counsel and not guided in any way by an attorney or by one charged with preparing litigation were discoverable upon motion of the plaintiff. In reaching its conclusion, this Court cited the ruling of the U.S. District Court, N.D. Illinois, E.D. that "any report or statement made by or to a party's agent . . . which has not been requested by nor prepared for an attorney nor which otherwise reflects the employment of an attorney's legal expertise must be conclusively presumed to have been made in the ordinary course of business and [*6] thus not within the purview of the limited privilege of . . . Rule 26(b)(3) . . ." Similarly, statements made by defendant driver to his claims adjuster were held discoverable by the United States Court of Appeals. . . [8]

The case at bar and the *Conley* case are factually very similar. In both cases the insurance company investigator prepared the documents in the regular course of his duties requiring him to make a thorough investigation of the accident, and in both cases the documents were prepared months prior to initiation of a suit by the plaintiff. [9] The only slight factual difference is that in the *Conley* case the documents were prepared before the plaintiff had retained an attorney; whereas, in the current case the Plaintiffs' attorney in April of 2000 reported the accident to Defendant's insurance company and then on November 14, 2000 a demand for settlement was sent to the insurance company by Plaintiffs' attorney. Nevertheless here, like in *Conley*, there is no indication that the statement was requested or prepared for an attorney, nor in any way reflects the employment of an attorney's expertise. Therefore, this Court finds that the statement is discoverable [*7] if the Defendant has possession of a transcript of the recorded statement that should be given to the Plaintiffs. If no transcript exists, then the Defendant should provide Mr. McCloud's summary of the statement.

> 6   *Conley v. Graybeal*, 315 A.2d 609, 610 (Del. Super. Ct. 1974).
>
> 7   315 A.2d 609 (Del. Super. Ct. 1974).
>
> 8   *Id.* at 610 (internal citations omitted).
>
> 9   The statement was given to the insurance investigator on March 6, 2001 and suit was not filed by the Plaintiffs until March 28, 2002.

Therefore, after reviewing the motions and the response it appears to this Court that the Plaintiffs' Motion in Limine regarding the officer's testimony should be *granted*. Additionally, Plaintiffs' Motion for Default Judgment shall be *denied*; however, to the extent that the Defendant gave incomplete answers to the Form 30 Interrogatories he shall be compelled to give the Plaintiffs complete answers. Finally, the Defendant is compelled to give the Plaintiffs [*8] a transcript of Defendant's recorded statements given to Mr. McCloud. If a transcript is not within the control of the Defendant, then the summary of the statement prepared by Mr. McCloud shall be given to the Plaintiffs.

IT IS SO ORDERED.

/s/ William L. Witham, Jr.

# EXHIBIT 2

# Lengkeek, Timothy

**From:** Delia Clark [dclark@rawle.com]
**Sent:** Wednesday, November 28, 2007 10:14 AM
**To:** Lengkeek, Timothy
**Subject:** RE: Cochran

we may use the deposition testimony at trial as he is not within a 100 mile radius. It will depend on scheduling. If you do not participate next week then Tim that is your choice. You will always have the right to re-depose him pending the outcome of your motion as it stands though we have a 12/12 deadline

-----Original Message-----
From: Lengkeek, Timothy [mailto:tlengkeek@ycst.com]
Sent: Wednesday, November 28, 2007 10:05 AM
To: Delia Clark
Subject: RE: Cochran


I thought this was going to be noticed as a trial deposition, am I wrong? If so, it can wait until the Court rules on my Motion to Compel. I am not going to agree to the deposition until I receive his statement or the Court rules I am not entitled to it.

-----Original Message-----
From: Delia Clark [mailto:dclark@rawle.com]
Sent: Wednesday, November 28, 2007 9:55 AM
To: Lengkeek, Timothy
Subject: RE: Cochran

I told your secretary yesterday that I was doing the deposition by videoconference anticpating scheduling problems on your end. I understand that it is short notice and apologize. Dillard at present does not have a working phone. There may be another option and that is he thought he may be in Delaware next week. However, he will not know until Friday. Given the uncertainty in that information, I thought it best if we could pin him down. Given the discovery deadlines we need to take this deposition. I also need to schedule Mrs. Cochran.

I think our position in the 3rd Circuit is well founded. Would Monday, Wednesday or Thursday afternoon work better in Delaware?

-----Original Message-----
From: Lengkeek, Timothy [mailto:tlengkeek@ycst.com]
Sent: Wednesday, November 28, 2007 9:43 AM
To: Delia Clark
Subject: RE: Cochran


I am not available to travel to Atlanta on Friday and 2 days notice is not reasonable under the rules. This is the first I've heard you are going to be there and that it is going to be by videoconference. I'm going to have to file a motion for a protective order if you insist on going forward. There is no way I can get to Atlanta on 48 hours notice and my calender is not free for such a trip.

Statements taken by an adjustor 3 HOURS after an accident are not protected by the rules and are not attorney work product. My ability to track down Mr. Dillard's phone number is irrelevant. I am entitled to see what Mr. Dillard said the day of the accident, not what he recalls 3 years later.

-----Original Message-----
From: Delia Clark [mailto:dclark@rawle.com]

1

Sent: Wednesday, November 28, 2007 9:31 AM
To: Lengkeek, Timothy
Subject: RE: Cochran

The statement is protected under the Federal Rules. I was arranging the deposition by video conference for your convenience not by telephone. I personally am appearing in Atlanta on Friday you have that option as well. Mr. Dillard moved and we just located him. You have had his name and address since April and could have at anytime located him and spoke with him prior to this Tim. As soon as I find out the time the room is available with the Court reporter in GA I will advise.

-----Original Message-----
From: Lengkeek, Timothy [mailto:tlengkeek@ycst.com]
Sent: Wednesday, November 28, 2007 9:24 AM
To: Delia Clark
Subject: RE: Cochran


My office said I was available on Friday, not that I was willing to do a trial deposition, by telephone, of an eyewitness whose statement you are withholding without any lawful basis. That being said, I do not stipulate to a telephone deposition of this individual, which is required by F.R.C.P. 30(b)(7).

-----Original Message-----
From: Delia Clark [mailto:dclark@rawle.com]
Sent: Wednesday, November 28, 2007 9:16 AM
To: Lengkeek, Timothy
Subject: RE: Cochran

Tim he is the witness- the statement will not be produced and if you don't agree then I will proceed he lives in GA and is available to do this on Friday which your office agreed to yesterday afternoon we will proceed with scheduling.

-----Original Message-----
From: Lengkeek, Timothy [mailto:tlengkeek@ycst.com]
Sent: Wednesday, November 28, 2007 8:50 AM
To: Delia Clark
Subject: Cochran


Delia-

I'm just now reading my secretary's email about a depo of Phil Dillard, possibly for Friday. Who is he? If he is one of the witnesses whom the adjustor interviewed the day of the accident I can't agree to him being deposed until I receive the transcript of that interview.

Tim

****************************************************************************
***********************************************************
This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, is prohibited and may be unlawful.
****************************************************************************
***********************************************************

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH A. COCHRAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06-697 JJF |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES W. REED and | ) | |
| J. B. HUNT TRANSPORT, INC., | ) | TRIAL BY JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

**ORDER**

Having considered the Plaintiff's Motion for a Protective Order to Adjourn the Deposition of Phillip Pillard until Defendants produce his non-privileged statement, it is this _____ day of _____, 2007, **ORDERED** that such Motion is hereby

_____

_____
J.