IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH A. COCHRAN, JR., | : | |
| Plaintiff, | : | C.A. No.  1:06 cv 00697 |
| | : | |
| v. | : | |
| | : | |
| J.B. HUNT TRANSPORT, INC. | : | |
| and  JAMES W. REED, | : | |
| Defendants. | : | |

**DEFENDANTS', J.B. HUNT TRANSPORT, INC. AND JAMES W. REED, RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER**

Defendants, J.B. Hunt Transport, Inc. and James W. Reed, through their attorneys, Rawle & Henderson, LLP, hereby oppose Plaintiff's Motion For a protective Order, as follows:

1. Admitted in part and denied in part.  It is admitted that this Court has discretion to regulate discovery.  It is denied that a Protective Order is appropriate in this matter for the reasons set forth by plaintiff.

2. Admitted in part and denied in part.  It is admitted that defendant, J.B. Hunt Transport, Inc., is self-insured and in anticipation of litigation retained the services of an investigator. The investigator obtained pictures of plaintiff's vehicle and obtained a statement from plaintiff.  The statement of plaintiff's fiancé was obtained at the same time and  in the presence of plaintiff.  The statement of the plaintiff was provided to counsel during the discovery. The identity of witnesses was provided in Defendants' Self-executing Disclosure sent on  April 18, 2007.  Any investigation performed by the defendant or on the defendant's behalf was performed in anticipation of litigation and is protected under the work product doctrine. F.R.C.P. 26(b)(3).  Among the items included in the parameters of F.R.C.P. 26(b)(3) are the statements obtained of the defendant and witnesses.  Any statement taken of the defendant  or witnesses by an agent of the defendant is not admissible under the rules of discovery.  Moreover,

the Federal Rules of Civil Procedure provide that any statement made by a party in anticipation of litigation is not discoverable without good cause shown. F.R.C.P. 26(b)(3).

   3. Plaintiff has failed to make a showing of "good cause." The exception to the "good cause" rule is a statement by plaintiff. In the present matter the plaintiff's statement was produced. Plaintiff has failed to make a showing of "good cause" as to why he is entitled to the defendants' work product. Plaintiff had the names and address of all witnesses and was easily able to obtain statements of eye witnesses. In fact, one witness is the wife of plaintiff and plaintiff was present when the statement was obtained. Further, potential witnesses were identified by the defendants in their Self Executing Disclosures as well as in the interrogatory answers. Plaintiff has had ample time to contact these witnesses.

   3. Admitted. A response to the Motion was filed on behalf of the defendants on October 24, 2007.

   4. Denied. On November 27, 2007, the undersigned contacted counsel for the plaintiff. We had reached Mr. Dillard who had moved to Lilburn, Georgia and did not have a telephone. Mr. Dillard agreed to be deposed. The discovery deadline is December 12, 2007. The defendants contacted counsel to determine his availability for deposition on November 29th or 30th for deposition. Attempts to arrange a deposition by video conference were begun. Plaintiff's counsel staff advised he was available for the deposition on November 30, 2007. The Court Reporter was contacted to coordinate the video conference in Atlanta, Georgia. On November 28, 2007, plaintiff's counsel would not agree to the deposition by video conference and was not available to travel to Atlanta on short notice. (See attached emails made part hereof as Exhibit A.) Given the short time before the close of discovery, defendants contacted plaintiff's counsel about conducting the deposition on Wednesday, December 5, 2007 in

2214279-1

Wilmington, Delaware.  No response was received.  (See email attached hereto as Exhibit B).  The deposition was scheduled as Mr. Dillard agreed to travel to Wilmington, Delaware.  At defendants expense an airline ticket was purchased for Mr. Dillard.  Notice of the deposition was sent via fax to counsel for the plaintiff.  A subpoena was issued and personally served upon Mr. Dillard.

5.  Denied.  It is significant that plaintiff relies upon cases in which an insurance company obtained statements.  In the present matter, the investigator was retained by J.B. Hunt Transport, self-insured, in anticipation of litigation.  In the present matter, Reed advised J.B. Hunt that plaintiff claimed that Reed had struck his vehicle.  Reed denied the accident occurred.  Given these circumstances and anticipating litigation, the investigator was retained.  (See affidavit attached as Exhibit C)  The statement of Mr. Dillard was prepared in anticipation of litigation.  "Thus, investigative work by non attorneys was freed from the old 'good cause' requirement, but became subject, like material prepared by attorneys, to the single standard of 'anticipation of litigation'."  Spaulding v. Denton, 68 F.R.D. 342.  This situation is clearly distinguishable from that presented in Spaulding, Id. Plaintiff has failed show need or hardship.  He could readily obtain by simply interviewing Mr. Dillard, whose name and address he has had since April.  The Third Circuit has upheld the protection of work product of tangible documents and things prepared in anticipation of litigation.  United Coal Companies v. Powell Const. Co., 839 F.2d 958,966 (3rd Cir. 1988).  Mr. Janitor was retained by J.B. Hunt as result of a claim being made and thus was retained in anticipation of litigation.

6.  Only two statements which have not been provided which defendants believe are protected under F.R.C.P. 26(b) (3).  Mr. Cochran's statement as required under the Rules of Civil Procedure was provided.  Defendants have gone to great expense and effort to have Mr. Dillard

2214279-1

travel to Wilmington, Delaware for his deposition.  Plaintiff has made no attempt to contact Mr. Dillard and learn what he recalled of the alleged incident.  Plaintiff has claimed prejudice, but has failed to conduct any investigation.   Plaintiff has failed to meet the "good cause standard."  Further, Mr. Dillard has not reviewed or seen this statement. Thus, plaintiff is not prejudiced.

     WHEREFORE, Defendants respectfully request that this Honorable Court enter the attached Order denying Plaintiff's Motion for Protective Order.

                RAWLE & HENDERSON LLP

                By:    */s/ Delia A. Clark*
                        Delia A. Clark
                        Attorneys for Defendants,
                        J.B. Hunt Transport, Inc. and
                        James W. Reed

**CERTIFICATE OF SERVICE**

It is hereby certified that a true and correct copy of the within-captioned DEFENDANTS' J.B. HUNT TRANSPORT, INC. AND JAMES W. REED, RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES was served via first-class mail, postage prepaid, on the below listed individuals on this 24th day of October 2007:

Timothy E. Lengkeek
YOUNG, CONAWAY, STARGATT & TAYLOR
1000 West Street, 17th Floor
PO Box 391
Wilmington, DE  19899-0391

RAWLE & HENDERSON LLP


By: /s/ *Delia A. Clark*
    Delia A. Clark
    Attorneys for Defendants,
    J.B. Hunt Transport, Inc.
    and James Reed

2214279-1

2214279-1

# Exhibit A

# Delia Clark

| | |
|---|---|
| From: | Delia Clark |
| Sent: | Wednesday, November 28, 2007 10:14 AM |
| To: | 'Lengkeek, Timothy' |
| Subject: | RE: Cochran |

we may use the deposition testimony at trial as he is not within a 100 mile radius. It will depend on scheduling. If you do not participate next week then Tim that is your choice. You will always have the right to re-depose him pending the outcome of your motion as it stands though we have a 12/12 deadline

-----Original Message-----
From: Lengkeek, Timothy [mailto:tlengkeek@ycst.com]
Sent: Wednesday, November 28, 2007 10:05 AM
To: Delia Clark
Subject: RE: Cochran


I thought this was going to be noticed as a trial deposition, am I wrong? If so, it can wait until the Court rules on my Motion to Compel. I am not going to agree to the deposition until I receive his statement or the Court rules I am not entitled to it.

-----Original Message-----
From: Delia Clark [mailto:dclark@rawle.com]
Sent: Wednesday, November 28, 2007 9:55 AM
To: Lengkeek, Timothy
Subject: RE: Cochran

I told your secretary yesterday that I was doing the deposition by videoconference anticpating scheduling problems on your end. I understand that it is short notice and apologize. Dillard at present does not have a working phone. There may be another option and that is he thought he may be in Delaware next week. However, he will not know until Friday. Given the uncertainty in that information, I thought it best if we could pin him down. Given the discovery deadlines we need to take this deposition. I also need to schedule Mrs. Cochran.

I think our position in the 3rd Circuit is well founded. Would Monday, Wednesday or Thursday afternoon work better in Delaware?

-----Original Message-----
From: Lengkeek, Timothy [mailto:tlengkeek@ycst.com]
Sent: Wednesday, November 28, 2007 9:43 AM
To: Delia Clark
Subject: RE: Cochran


I am not available to travel to Atlanta on Friday and 2 days notice is not reasonable under the rules. This is the first I've heard you are going to be there and that it is going to be by videoconference. I'm going to have to file a motion for a protective order if you insist on going forward. There is no way I can get to Atlanta on 48 hours notice and my calender is not free for such a trip.

Statements taken by an adjustor 3 HOURS after an accident are not protected by the rules and are not attorney work product. My ability to track down Mr. Dillard's phone number is irrelevant. I am entitled to see what Mr. Dillard said the day of the accident, not what he recalls 3 years later.

-----Original Message-----
From: Delia Clark [mailto:dclark@rawle.com]
Sent: Wednesday, November 28, 2007 9:31 AM
To: Lengkeek, Timothy
Subject: RE: Cochran

1

The statement is protected under the Federal Rules. I was arranging the deposition by video conference for your convenience not by telephone. I personally am appearing in Atlanta on Friday you have that option as well. Mr. Dillard moved and we just located him. You have had his name and address since April and could have at anytime located him and spoke with him prior to this Tim. As soon as I find out the time the room is available with the Court reporter in GA I will advise.

-----Original Message-----
From: Lengkeek, Timothy [mailto:tlengkeek@ycst.com]
Sent: Wednesday, November 28, 2007 9:24 AM
To: Delia Clark
Subject: RE: Cochran


My office said I was available on Friday, not that I was willing to do a trial deposition, by telephone, of an eyewitness whose statement you are withholding without any lawful basis. That being said, I do not stipulate to a telephone deposition of this individual, which is required by F.R.C.P. 30(b)(7).

-----Original Message-----
From: Delia Clark [mailto:dclark@rawle.com]
Sent: Wednesday, November 28, 2007 9:16 AM
To: Lengkeek, Timothy
Subject: RE: Cochran

Tim he is the witness- the statement will not be produced and if you don't agree then I will proceed he lives in GA and is available to do this on Friday which your office agreed to yesterday afternoon we will proceed with scheduling.

-----Original Message-----
From: Lengkeek, Timothy [mailto:tlengkeek@ycst.com]
Sent: Wednesday, November 28, 2007 8:50 AM
To: Delia Clark
Subject: Cochran


Delia-

I'm just now reading my secretary's email about a depo of Phil Dillard, possibly for Friday. Who is he? If he is one of the witnesses whom the adjustor interviewed the day of the accident I can't agree to him being deposed until I receive the transcript of that interview.

Tim

****************************************************************************
***************************************************************
This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, is prohibited and may be unlawful.
****************************************************************************
***************************************************************

# Exhibit B

Case 1:06-cv-00697-JJF   Document 34-2   Filed 12/03/2007   Page 4 of 7

**Delia Clark**

| | |
|---|---|
| From: | Sandra Biggins |
| Sent: | Wednesday, November 28, 2007 2:03 PM |
| To: | Santae Boyd |
| Cc: | Delia Clark |

I just called received Lengkeek's secty voicemail. Left message unless we hear from them by 3:00 today. the dep of Phlliip Dillard will be scheduled for 12/5 at 10:00 a.m.

Sandi Biggins
Rawle & Henderson, LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107
215-575-4200, ext. 3284
fax 215-563-2583
sbiggins@rawle.com

Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH A. COCHRAN, JR., <br> Plaintiff, <br> v. <br> J.B. HUNT TRANSPORT, INC. <br> and JAMES W. REED, | C.A. No. 1:06 cv 00697 |

I, Wesley Griffin, of due age deposes and says as follows:

1. I am employed by J.B. Hunt Transport, Inc. and am the director of litigation and I am fully familiar with the facts of this matter.

2. On the afternoon of October 30, 2004, James Reed, our employee driver notified us of an incident which allegedly occurred on Route 9 in New Castle, Delaware.

3. Mr. Reed advised that Mr. Cochran claimed there was contact between the trailer hauled by Mr. Reed and Mr. Cochran's vehicle. Mr. Reed denied that contact was made and advised that the property damage alleged to have been sustained was old and pre-existing. In addition, there was no damage to the trailer.

4. Given this information, the possibility of litigation was anticipated. We retained the services of Francis Janitor to meet with Mr. Reed at the alleged location of the accident and obtain statements and take photographs.

5. We make the decision to retain investigators when we believe litigation is likely and based upon the facts provided by the driver or others at the scene.

6. The statements obtained from Mrs. Victoria Cochran (nee Bowden) and Phillip Dillard were performed at our instruction and direction in anticipation that Mr. Cochran may initiate litigation against Mr. Reed and J.B. Hunt Transport.

I have read the foregoing statements and certify same and correct to the best of my knowledge.

_____
Wesley Griffin

SWORN TO AND SUBSCRIBED
BEFORE ME ON THIS 3rd DAY OF DECEMBER 2007

_____
Notary of Public

**Cindy Gleason**
**Notary Public**
**Washington County - Arkansas**
2214277-1 Commission No. 12358267
Expires: February 5, 2017

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH A. COCHRAN, JR., | : | |
|     Plaintiff, | : | C.A. No.  1:06 cv 00697 |
| | : | |
|   v. | : | |
| | : | |
| J.B. HUNT TRANSPORT, INC. | : | |
| and  JAMES W. REED, | : | |
|     Defendants. | : | |

## ORDER

On this _____ day of _____, 2007, upon consideration of Plaintiff's Motion for Protective Order and  Defendants' Response in Opposition to same, it is hereby ORDERED that Plaintiff's Motion is DENIED.

_____
UNITED STATES DISTRICT JUDGE

2214319-1