IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH A. COCHRAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 06-697 JJF |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES W. REED and | ) | |
| J. B. HUNT TRANSPORT, INC., | ) | TRIAL BY JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

## PRE-TRIAL ORDER

## I.    NATURE OF THE ACTION

On October 30, 2004, Joseph Cochran, the plaintiff, was driving his Ford Bronco in the right turn lane of northbound Route 9 north in New Castle, Delaware at the intersection of Route 9 and West Avenue. At the same time and place, Plaintiff alleges that James Reed, the defendant, who was driving a tractor trailer in the course and scope of his employment with J.B. Hunt Transport, Inc., attempted, without warning, to make a right turn onto West Avenue from one of the middle lanes causing a collision between the vehicles. As a result of the collision, plaintiff alleges he sustained permanent injuries, medical expenses and loss of earning capacity. Defendant J.B. Hunt Transport, Inc. was James W. Reed's employer at the time of the accident and Reed's conduct is imputed to J.B. Hunt Transport, Inc. via the doctrine of *respondeat superior*.

Defendants deny there was a collision between the two vehicles. Defendants also dispute the damages claimed by Plaintiff.

## II.    BASIS OF FEDERAL JURISDICTION

1.    Diversity of citizenship, 28 *U.S.C.* §1332.  Plaintiff is a citizen of the State of Delaware.  Defendants are not citizens of the State of Delaware.

2.    Plaintiff set forth a claim in excess of the jurisdictional limits of $75,000, exclusive of interest and costs.

## III.    STATEMENT OF ADMITTED FACTS

1.    On October 30, 2004, at approximately 3:33 p.m., plaintiff and defendant were traveling northbound on Route 9, in New Castle, Delaware.

2.    On October 30, 3004, James W. Reed was employed by J.B. Hunt Transport, Inc. and was acting in the furtherance of the business of J. B. Hunt Transport, Inc.

3.    At the intersection of Route 9 north and West Avenue, northbound Route 9 is a four lane highway with two through travel lanes and a right and left turn lane.

## IV.    ISSUES OF FACT TO BE LITIGATED

By Plaintiff:

1.    Negligence of parties and nature and extent of Plaintiff's damages.

By Defendant:

1.    Whether James Reed was in the right turn lane or in the right through lane of Route 9 north at its intersection with West Avenue, in New Castle, Delaware.

2.    Whether James Reed had his right turn signal activated prior to negotiating the right turn.

3.      Whether there was contact between plaintiff's vehicle and the defendants' trailer.

4.      Whether plaintiff sustained an injury as result of the alleged accident.

5.      Whether plaintiff needs future medical treatment as a result of the alleged personal injuries.

6.      Whether plaintiff sustained a loss of income as a result of the alleged personal injuries.

7.      Whether plaintiff will incur future medical expenses as a result of the alleged personal injuries.

## V.      ISSUES OF LAW TO BE LITIGATED

Plaintiff

a.      That testimony, comments, questions, arguments or suggestions that the burden of proof on Plaintiff is anything other than the preponderance of evidence (e.g., references to "guilty" or "shadow of doubt" or "committed" or "commission"), are precluded as incorrect as a matter of law, confusing, misleading and improper appeals to prejudice (FRE 403)

b.      That testimony, comments, questions, arguments or suggestions that Plaintiff is by this action seeking anything other than redress of a wrong, which is limited in our system of justice to financial compensation, (including, references to a "litigation lottery," "redistribution of wealth," or "making defendants pay") and that any pejorative references to "pain and suffering" are precluded as irrelevant (FRE 402) and/or confusing, misleading and improper appeals to prejudice (FRE 403).

c.      That to the extent any journal, treatise, or article is read in front of the jury it must be identified in advance, provided to counsel and the witness in its entirety, and proper foundation established for its use at trial.

3

   d.    That Defendant be precluded from eliciting and Defendant's experts, *including Dr. Ger*, be precluded from testifying, to a reasonable medical probability, that something is possible or unknown, because such testimony is irrelevant (FRE 402) and confusing or misleading (FRE 403).

   e.    That defense counsel and defense witnesses be precluded from making comments, arguments, or suggestions about medical issues, including causation, in the absence of supporting medical testimony stated in terms of reasonable medical probability.

   f.    That testimony, comments, questions, arguments or suggestions that Defendant is sorry, was upset, or tried to help are irrelevant (FRE 402) and are confusing, misleading and improper appeals to prejudice (FRE 403).

   g.    That testimony, comments, questions, arguments or suggestions that this trial has any effect beyond this case (e.g, insurability, insurance rates, etc.) are precluded as incorrect as a matter of law, irrelevant (FRE 402) and are confusing, misleading and improper appeals to prejudice (FRE 403).

   h.    That evidence (*including photographs*), testimony, comments, questions, arguments or suggestions that Plaintiff's injuries are not consistent with the amount of damage to the vehicles be precluded as incorrect as a matter of law, irrelevant (FRE 402) and are confusing, misleading and improper appeals to prejudice (FRE 403) in the absence of supporting expert testimony.

   <u>Defendants</u>

   1.    Whether James Reed breached a duty of care?

   2.    Whether James Reed's breach of the duty of care was a substantial factor in causing the accident?

3.      Whether plaintiff's alleged injuries and damages are causally related to the

October 30, 2004 accident?

4.      Whether plaintiff, Joseph Cochran, failed to mitigate his alleged damages?

5.      What amount of damages, if any, should be awarded to plaintiff?

## VI.   EXHIBIT LIST

Plaintiff's list of pre-marked exhibits is attached as Exhibit A.

Defendants' list of pre-marked exhibits is attached as Exhibit B.

## VII.  WITNESS LIST

Plaintiff

The parties

The parties will testify about the events of October 30, 2004, including their observations of the day and the events in New Castle, Delaware

Tony R. Cucuzzella, M.D. – Expert      (Live/Videotape)
Christiana Spine Center
MAP 2, Suite 2210
4735 Ogletown Stanton Road
Newark, DE 19713

Dr. Cucuzzella is expected to testify in accordance with his report.

Brett Margolin, Ph. D. – Expert      (Live/Videotape)
LECG
1201 N Orange Street, Suite 602
Wilmington, DE 19801

Dr. Margolin is expected to testify in accordance with his report.

Sgt Hunter      (Live/Videotape)
United States Marine Corps
4th Combat Engineer Battalion
4th Marine Division, FMF
Marine Corps Training Center
7000 Hamlet Avenue
Baltimore, MD 21234

Sgt Hunter will testify regarding Plaintiff's damages and injuries.

Victoria Cochran (wife)                          (Live)
1483 Red Lion Road
Bear, DE 19701

Mrs. Cochran will testify regarding Plaintiff's damages and injuries.

Cpl. J.R. Brescin
Delaware State Police
Troop 2

Cpl J.R. Breslin will testify in accordance with his report.

Plaintiff reserves the right to call all witnesses designated by defendant, and

reserves the right to designate such persons, as expert witnesses and to call them to testify as

such.

Defendants' objection to the experts is listed below.

Defendants

James W. Reed                          (Live)
442 Ford Road
Vicksburg, MS

Mr. Reed will testify about the events of October 30, 2004.  He will testify
about his observations of the day and the events in New Castle, Delaware.

Joseph Cochran                          (Live)
1483 Red Lion Road
Bear, DE 19701

2331290-1

Phillip Dillard                    (Live- possible videotape)
4305 Paxton Lane
Lilburn, GA 30047

     Mr. Dillard is expected to testify about his observations on October 30, 2004.

Dr. Alan J. Fink, M.D. (neurologist)          (Live -possible videotape)
Neurology Associates, P.A.
774 Christiana Road
Suite 201
Newark, DE 19713

     Dr. Fink is expected to testify in accordance with his reports.

Dr. Errol Ger, M.D. (orthopedist)          (Live- possible videotape)
1207 North Scott Street
Wilmington, DE 19806

     Dr. Ger is expected to testify in accordance with his reports.

Irene Mendelsohn, M.S., CRC (vocational rehabilitation) (Live)
1226 North Woodbine Avenue
Penn Valley, Pa.  19072-1243

     Ms. Mendelsohn is expected to testify in accordance with his reports attached hereto as Exhibit "C" with his *curriculum vitae*;

Francis Janitor
Custard Adjusters
PO Box 1468
Wilmington, DE  19899

     Mr. Janitor will testify about his observations of the plaintiff's vehicle and the tractor trailer operated by James reed as well as the photographs taken on October 30, 2004 as well as the witness statements he obtained.

The following custodian of records may be called:

First State Orthopeadics

United Sates Marine Corps.

East Carolina University

Family Practice Center of New Castle (Dr. Robert Winter)

Omega Medical Center

Progressive Insurance Company

New Castle County (personnel records)

Christiana Care Imaging

Wilmington Hospital

State of Delaware Department of Revenue

American Radiology

Christiana Spine Center

X-ray Associates

New Castle County Risk Management

Physiatrist Associates

The Back Clinic

First State Surgery Center

Manual Orthopaedic Physiotherapy

Orthopaedic & Sports Physiotherapy

Defendants incorporate herein without admission the witness lists set forth in the Pre-Trial Memoranda of plaintiff and reserve the right to call witnesses listed therein at trial on direct examination or cross examination. Defendants reserve the right to timely amend and/or add to the witness list set forth above, including, but not limited to rebuttal witnesses.

2331290-1

## VIII.   STATEMENTS OF CLAIMS, DEFENSES AND COUNTERCLAIMS

Plaintiff expects to prove that Joseph Cochran was injured as a direct result of the negligent conduct of the defendants and that, as a result, has incurred medical expenses, loss of earning capacity, has permanent impairment, and has had pain and suffering, inconvenience and the loss of enjoyment of life and life's pleasures.

Defendants

1.    James Reed was not negligent in the operation of the J.B. Hunt Transport, Inc. tractor trailer.

2.    Plaintiff has reached maximum medical improvement and will not benefit from additional medical treatment.

3.    Plaintiff did not sustain an injury on October 30, 20004.

4.    Assuming arguendo, that there was an accident, plaintiff suffered an aggravation of a pre-exiting condition.   In addition, plaintiff was involved in two subsequent rear end collisions which re-aggravated his cervical complaints.

5.    Assuming arguendo, that there was an accident, plaintiff was comparatively and contributorily negligent in casing the accident.

6.    Plaintiff failed to mitigate his damages.

7.    Pursuant to 21 Del. C. 2118, plaintiffs are precluded from recovering medical expenses or lost wages which were paid, or payable, under certain policies of insurance.

2331290-1

## IX.    AMENDMENTS TO PLEADINGS

Plaintiff

The parties do not anticipate further attempts to amend the pleadings, but reserve the right to amend to conform to proof at trial.

Defendants

None.

## X.    CERTIFICATION AS TO SETTLEMENT

The parties certify they have made good faith attempts to resolve this action by settlement, but have been unable to reach agreement. Mediation was conducted on March 17, 2008 before United State Magistrate Leonard Stark.

## XI.    OTHER MATTERS

The following additional Motions are pending before the Court:

(1)    Plaintiff's Motion To Extend The Deadline To Identify An Economic Expert.[1]

(2)    Plaintiffs reserve the right to file motions in limine regarding to exclude evidence, including, but not limited to, the issues of law set forth above.

Defendants

(1)    Is the testimony of Brett Margolin, plaintiff's economist, admissible under FRE 702 and 703.

---

[1]    Defendants opposed Plaintiff's Motion.  However, Defendants retained and identified a vocational rehabilitation expert to rebut Plaintiff's lost wage claim after Plaintiff filed his motion, thereby alleviating any prejudice to Defendant.

2331290-1

(2)    Whether plaintiff's damages are precluded or limited by the Delaware Motor Vehicle Financial Responsibility Law.

(3)    Defendants intend to file Motions *in Limine* regarding the admissibility of evidence proposed by plaintiff. In particular:

> a.    Defendants intend to file Motions to exclude any expert testimony under F.R.C. P. 26(a).
>
> b.    Defendants intend to file Motions to exclude any evidence which was not provided/exchanged during discovery including but not limited to medical expenses or an expense summary.
>
> c.    Defendants intend to file motions to preclude any documents relied upon by plaintiff's experts which were not identified by the expert and/or provided to defendants during discovery.

Defendants reserve the right to file additional Motions regarding admissibility of proposed evidence.

**Stipulations**

1.    Defendants propose a stipulation as to the authenticity of all medical, employment and earnings records received via subpoena.   Defendants have not conceded the reasonableness or necessity of the treatment.  Plaintiff does not so agree, but will work with defense counsel as trial approaches to compile a set of medical records that are admissible.

2.      Defendants have agreed to stipulate to the authenticity of the photographs taken by Francis Janitor on October 30, 2004 of the scene and the vehicles.  <u>Plaintiff does not so agree</u>.

3.      Defendants propose a stipulation to dismiss all allegations of negligent entrustment, hiring and retention as well as all claims for punitive damages.  <u>Plaintiff will sign such a stipulation</u>.

**Exclusion of Witnesses**

Defendants request that, with the exception of all expert witnesses designated by a party under Fed. R. Civ. P. 26(a) (2), any person designated on either party's list of trial witnesses be excluded from the Courtroom until that witness has testified or has been removed from all parties' lists of trial witnesses.  Notwithstanding the foregoing, the defendants request that one designated witness from that party's in-house legal department, or other client representative, may remain present in the Courtroom during testimony regardless of whether that witness has not yet testified.

This Order shall control the subsequent course of the action unless modified by the Court to prevent manifest injustice.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Timothy E. Lengkeek (No. 4116)
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
(302) 571-6605
tlengkeek@ycst.com
Attorney for Plaintiff

RAWLE & HENDERSON LLP

_____
Delia Ann Clark (No.3337)
300 Delaware Avenue, Ste. 1015
PO Box 588
Wilmington, DE 19899-0588
(302) 778-1200
dclark@rawle.com
Attorney for Defendants

SO ORDERED THIS _____ day of _____, 2008.

_____
United States District Judge

**EXHIBIT A**

**PLAINTIFF'S' LIST OF EXHIBITS**

| EXPECT TO OFFER | OFFER IF NEED ARISES | ADMIT BY AGREEMENT W/O AUTHENTIC | NO. | DOCUMENT/EXHIBIT DESCRIPTION |
|---|---|---|---|---|
| | | | | Treatment records from Robert Winter, M.D. |
| | | | | Military Medical Records |
| | | | | Treatment records and reports from Tony R. Cucuzzella, M.D. |
| | | | | Treatment records from The Back Clinic |
| | | | | Treatment records from Manual Orthopaedic Physiotherapy |
| | | | | Treatment records from Orthopaedic and Sports Physiotherapy |
| | | | | Reports from Christiana Care Imaging |
| | | | | Reports from American Radiology |
| | | | | Reports from X-ray Associates |
| | | | | C.V. of Tony R. Cucuzzella, M.D. |
| | | | | C.V. of Brett Margolin |
| | | | | Plaintiff's medical bills and expense summary |
| | | | | Plaintiff's Tax Returns |
| | | | | Life expectancy chart |
| | | | | Any documents relied upon the experts as a basis for their opinions |
| | | | | Deposition transcripts of experts in lieu of live testimony |
| | | | | |

Plaintiff reserves the right to introduce as plaintiff's exhibits any documents relied upon by the experts as a basis for their opinions, any exhibits identified by the defendant, as well as any drawings, computations, photos, charts, and any other aides relied upon by witnesses in explaining their testimony to the jury. In addition, plaintiff reserves the right to introduce photographs and other exhibits in and enlarged or blown-up form. Plaintiff further

14

reserves the right to introduce rebuttal exhibits and exhibits used for impeachment purposes, the identity of which cannot be known until the presentation of defendants' case at trial. Plaintiff also reserves the right to introduce all or portions of a party's admissions, answers to interrogatories, responses to request for production and deposition testimony.

## PLAINTIFF'S' LIST OF DEMONSTRATIVES

| EXPECT TO OFFER | OFFER IF NEED ARISES | ADMIT BY AGREEMENT W/O AUTHENTIC | NO. | DOCUMENT/EXHIBIT DESCRIPTION |
|---|---|---|---|---|
| | | | | Diagram of the Accident Scene |
| | | | | Blow up of Exhibits |
| | | | | Anatomical diagrams, photographs, models and representations of the injured parts |

2331290-1

## EXHIBIT B

## DEFENDANTS' LIST OF EXHIBITS

| EXPECT TO OFFER | OFFER IF NEED ARISES | ADMIT BY AGREEMENT W/O AUTHENTIC | NO. | DOCUMENT/EXHIBIT DESCRIPTION |
|---|---|---|---|---|
| | | | | Curriculum Vitae of Alan Fink |
| | | | | Curriculum Vitae of Errol Ger |
| | | | | Curriculum Vitae of Irene Mendelsohn |
| | | | | Videotape testimony of Dr. Errol Ger |
| | | | | Videotape testimony of Alan Fink |
| | | | | Videotape testimony of Phillip Dillard |
| | | | | Medical records from First State Orthopeadics |
| | | | | Medical records from Orthopaedic & Sports Physiotherapy |
| | | | | Medical records from Manual Orthopaedic Physiotherapy |
| | | | | Medical records from First State Surgery Center |
| | | | | Medical records from The Back Clinic |
| | | | | Medical records from Physiatrist Associates |
| | | | | Medical records from New Castle County Risk Management |
| | | | | Medical records from X-ray Associates and radiological studies |
| | | | | Medical records from Christiana Spine Center |
| | | | | Medical records from American Radiology and radiological studies |
| | | | | Medical records from Wilmington Hospital |
| | | | | Medical records and Personnel records from United Sates Marine Corps |
| | | | | Medical records from Christiana Care Imaging and radiological studies |
| | | | | Medical records from East Carolina University |
| | | | | State of Delaware Department of Revenue (tax returns) |
| | | | | Personnel records from New Castle County |

| | | | |
|---|---|---|---|
| | | | Medical records from Progressive Insurance Company |
| | | | Medical records from Family Practice Center of New Castle (Dr. Robert Winter) |
| | | | Medical records from Omega Medical Center |
| | | | Photographs of plaintiff's 1993 Ford Bronco |
| | | | Photographs of 2002 freightliner and van trailer |
| | | | Photographs of Route 9 north near the intersection with West Avenue |
| | | | Witness Statement of Phillip Dillard |
| | | | Witness Statement of Joseph Cochran |
| | | | Witness Statement of Victoria Bowden-Cochran |
| | | | Deposition transcript of James Reed |
| | | | Deposition transcript of Joseph Cochran |
| | | | Plaintiff's Answers to Interrogatories |
| | | | Plaintiff's Responses to the Request for Production |
| | | | Plaintiff's self executing disclosures |

Defendants incorporate herein without admission plaintiff's exhibit list set forth above and reserve the right to utilize said exhibits at trial. In addition, Defendants may need to take video tape trial depositions depending on the availability of witnesses and will supplement the above exhibit list. Defendant reserves the right to timely amend and/or add to the exhibit list set forth above and to use or introduce demonstrative exhibits.

Plaintiff objects to photographs of the vehicles as set forth above. Plaintiff also objects to witness statements and deposition transcripts as not admissible as evidence.

2331290-1

## DEFENDANTS' LIST OF DEMONSTRATIVES

| EXPECT TO OFFER | OFFER IF NEED ARISES | ADMIT BY AGREEMENT W/O AUTHENTIC | NO. | DOCUMENT/EXHIBIT DESCRIPTION |
|---|---|---|---|---|
| | | | | Enlargements of photographs of the alleged accident location |
| | | | | Enlargements of photographs of the 1993 Ford Bronco |
| | | | | Enlargements of photographs of the tractor trailer |
| | | | | Enlargements of various Medical records |
| | | | | Anatomical diagrams or models of the cervical spine |
| | | | | Cervical MRI performed 3/10/2005 |
| | | | | |

2331290-1